Jordan L. Meyer, Esq. (ID No. 375302021)
BALLARD SPAHR LLP
700 East Gate Drive, Suite 330
Mt. Laurel, NJ  08054
T: 856.761.3400
meyerjl@ballardspahr.com

*Attorney for Defendants*
*NetCredit Loan Services, LLC and*
*Republic Bank & Trust Co.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Mary Ann Connolly, | |
| Plaintiff, | Civ. Action No. 24-cv-4273 |
| v. | |
| NetCredit Loan Services, LLC, and Republic Bank & Trust Company, | |
| Defendants. | |

## JOINT NOTICE OF REMOVAL

Defendants NetCredit Loan Services, LLC ("NetCredit") and Republic Bank & Trust Co. ("RBT"), by this notice, hereby remove to this Court the action filed by plaintiff Mary Ann Connolly ("Plaintiff") in the Superior Court of New Jersey, Morris County, on the basis of original jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.  The following is a short and plain statement of the grounds for removal. *See* 28 U.S.C. § 1446(a).

## Nature of the Case

1. On February 23, 2024, Plaintiff commenced a civil action against defendants in the Superior Court of New Jersey, Morris County (the "State Court Action"), by filing a complaint. A true and correct copy of the complaint, which was assigned case number MRS-L-000378-24, is attached as **Exhibit 1**.

2. In the complaint, Plaintiff alleges claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*; the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*; New Jersey's Unfair Trade Practices Act, N.J.S. § 56:11-31; for negligence; and for a declaratory judgment under N.J.S. § 2A:16-52 relating to a loan made by RBT and serviced by NetCredit, which she alleges was fraudulently obtained in her name by her husband, without her permission. Ex. 1.

## The Parties

3. Upon information and belief, Plaintiff is an individual who is a resident of, and domiciled in, the State of New Jersey. (*See id.* at ¶ 3.)

4. NetCredit is a Delaware limited liability company.

5. RBT is a Kentucky corporation.

## The Court Has Original Jurisdiction Over the Parties' Dispute

6. A defendant can remove to federal court "any civil action brought in a State court of which the [federal] district courts . . . have original jurisdiction[.]" 28

U.S.C. § 1441(a).  The federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

7.      Here, NetCredit and RBT remove the State Court Action on the basis of the Court's original jurisdiction over civil actions arising under the laws of the United States, *i.e.*, federal question jurisdiction.  In the State Court Action, Plaintiff alleges claims against defendants under the FCRA and TCPA (Ex. 1 at pp. 5-7, 9-14, 19-21), which are both federal laws.  Therefore, Plaintiff's claims "aris[e] under the . . . laws, . . . of the United States." 28 U.S.C. § 1331.  Further, the Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a) because the state claims are so related to the federal claims—in that all claims arise out of or relate to the same loan transaction (*see generally* Compl.)— that the federal and state claims form part of the same case or controversy. *See Fesco v. Darby Dev., LLC*, 2014 U.S. Dist. LEXIS 97801, at *7 (D.N.J. July 18, 2014) ("[w]here removal is based on federal question jurisdiction, the Court may exercise supplemental jurisdiction over a plaintiff's state law claims.").  Accordingly, the Court has removal jurisdiction of the parties' dispute. 28 U.S.C. § 1441(a).

3

## Venue

8.      When a defendant removes a civil action from a state court, the notice of removal must be filed "in the district court of the United States for the district and division within which such action is pending[.]" 28 U.S.C. § 1446(a).

9.      Here, the District of New Jersey, Newark Vicinage, is the appropriate venue for removal because it embraces the location where the State Court Action is pending, *i.e.*, Morris County, New Jersey.

## Defendants' Removal Is Timely

10.     A notice of removal shall be filed within the shorter period of (1) "30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim and relief upon which such action or proceeding is based," or (2) "30 days after service of summons upon the defendant if the initial pleading . . . is not required to be served on the defendant, . . ." 28 U.S.C. § 1446(b)(1).

11.     Here, NetCredit and RBT were served with the complaint on February 26 and 27, 2024, respectively. (Ex. 2).[1]  The 30th day after service upon NetCredit and RBT is March 27 and 28, 2024, respectively.  Therefore, removal is timely.

---

[1] The Affidavit of Service pertaining to RBT was not filed, therefore it is not attached as an exhibit.

## **Process, Pleadings, and Orders**

12.     A notice of removal must be accompanied by "a copy of all process,

pleadings, and orders served upon such defendant or defendants in such action." 28

U.S.C. § 1446(a).

13.     Here, attached as Exhibits 1-3 are copies of all process, pleadings, and

orders served upon NetCredit and RBT in the State Court Action. Exhibit 4 is the

docket summary report for reference.

## **Notice to the State Court and Adverse Party**

14.     Pursuant to 28 U.S.C. § 1446(d), defendants shall serve this notice on

Plaintiff and file the notice in the State Court Action "promptly" after it is filed in

this Court. *See* Ex. 5 (Notice of the Filing of this Notice of Removal, without

exhibits).

Dated: March 27, 2024

*s/ Jordan Meyer*
Jordan L. Meyer, Esq. (ID No. 375302021)
BALLARD SPAHR LLP
700 East Gate Drive, Suite 330
Mt. Laurel, NJ  08054
T: 856.761.3400
meyerjl@ballardspahr.com

*Attorney for Defendants NetCredit Loan
Services, LLC and Republic Bank & Trust Co.*

**Certificate of Service**

I, Jordan Meyer, hereby certify that, on the date set forth below, I caused a

copy of the foregoing document, with exhibits, to be served via electronic filing on

all counsel of record and via U.S. mail, first-class postage prepaid, as follows:

Leo W. Desmond, Esq.
DESMOND LAW P.A.
385 Route 24, Suite 3H
Chester, New Jersey 07930
*Attorney for Plaintiff Mary Ann Connolly*

_s/ Jordan Meyer_____
Jordan Meyer
(ID No. 375302021)

Dated: March 27, 2024

6

# Exhibit 1

Leo W. Desmond, Esq.
Attorney ID Number: 013191994
DESMOND LAW P.A.
385 Route 24, Suite 3H
Chester, New Jersey 07930
(908) 955-7906
(908) 470-8579 (fax)
lwd@desmondlaw.com
*Attorney for Plaintiff*

| | |
|---|---|
| MARY ANN CONNOLLY, | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION: MORRIS COUNTY |
| Plaintiff, | |
| | Docket No. |
| v. | |
| | CIVIL ACTION |
| NETCREDIT LOAN SERVICES, LLC, | **COMPLAINT AND JURY DEMAND** |
| and REPUBLIC BANK & TRUST | |
| COMPANY, | |
| | |
| Defendants. | |

Plaintiff, Mary Ann Connolly ("Plaintiff"), by way of this Complaint against NETCREDIT LOAN SERVICES, LLC ("NETCREDIT"), and Republic Bank & Trust Company ("Republic"), alleges and states:

## I.   NATURE OF THE ACTION

1. Plaintiff brings this action to secure redress for Defendants NETCREDIT and Republic's conduct that included accessing Plaintiff's credit report without consent or any lawful reason, in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., and negligently allowing a loan to be fraudulently procured in Plaintiff's name. Additionally, Plaintiff brings the action against NETCREDIT for not conducting a reasonable investigation as required by the Fair Credit Reporting Act ("FCRA"), as well as an action against

NETCREDIT and Republic seeking a declaratory judgment relating to the alleged debt. Additionally, Plaintiff seeks damages against both Defendants for violation of the Telephone Consumer Protection Act ("TCPA").

## II.   JURISDICTION AND VENUE

2. Venue is properly in New Jersey as the Defendants regularly conduct business there. Jurisdiction is proper as Plaintiff's damages exceed $20,000.00, exclusive of costs and fees.

## III.   PARTIES

3. Plaintiff is an individual who is a resident of, and domiciled in, the State of New Jersey.

4. Defendant NETCREDIT LOAN SERVICES, LLC is a Delaware limited liability company registered to do business in New Jersey with a principal office address in Chicago, Illinois. NETCREDIT is wholly owned by Enova International, Inc.

5. Defendant Republic Bank & Trust Company is a Kentucky state chartered bank located in Louisville, Kentucky.

6. Defendants have willfully, intentionally or negligently participated in the wrongful conduct complained of herein and caused injury to the Plaintiff.

## IV.   FACTS

7. On or about June 30, 2022, Plaintiff's husband (now estranged), Matthew C. Connolly, made, executed, and authenticated using an electronic signature, an application for a loan from NETCREDIT and Republic, using the personal identifying information, as that term is defined under N.J.S. § 2C:20-1, of Plaintiff (the "Application").  (The Application is attached hereto as "Exhibit 1").

8. The Application was obtained from NETCREDIT pursuant to a subpoena in Plaintiff's Dissolution of Marriage matter.  Interestingly, this "application" produced by

NETCREDIT as evidence of a debt contained a telephone number belonging to Plaintiff that she obtained in July 2022, <u>after</u> the "application" date of June 30, 2022. The telephone number contained in the "application" was not owned, controlled by, or associated with Plaintiff on the date of the Application or the funding of the Loan.

9. NETCREDIT provided Plaintiff with an amended or falsified Application in response to her subpoena (See "Subpoena" attached as "Exhibit 2"). It is also believed that the email address on the Application was added after the fact in an attempt to legitimize NETCREDIT'S position that the Application was made by Plaintiff.

10. The use of Plaintiff's personal identifying information in the Application was not known to Plaintiff at all times relevant, nor was the use of such information ever authorized, consented to, or ratified after the fact by Plaintiff.

11. The Application was completed online on NETCREDIT'S website using NETCREDIT'S platform. NETCREDIT was acting as an agent for Defendant Republic at all times relevant and acted as an agent of Republic in the receiving of and processing of the Application. On information and belief, the Application was approved by Defendants within seven hours.

12. Defendant NETCREDIT is a company that, along with lending partners, such as Defendant Republic, originate and issue high interest rate consumer loans using online applications and providing quick approvals without supporting documentation.

13. Unbeknownst to Plaintiff, and without Plaintiff's authorization or approval, Matthew Connolly applied for a loan on the NETCREDIT website. The Application contained the personal identifying information of Plaintiff and contained incorrect information. What is not shown on the Application, but will show through discovery, is that communication

occurred between NETCREDIT and Republic with Matthew Connolly, not Plaintiff.  Not known to Plaintiff, a loan, ending in 566 (the "Loan"), was accepted and fraudulently executed by Matthew Connolly in Plaintiff's name, with NETCREDIT acting as an agent or consumer lender on behalf of Republic. (The "Promissory Note").  The Promissory Note was electronically signed on June 30, 2022 at 3:57 am in the State of Connecticut, by Matthew Connolly electronically, forging the name of Plaintiff to the Loan documents. (See "Exhibit 3" attached hereto).  The Loan was authorized and funded by Defendant within seven hours.  At no time did Plaintiff provide permission to Matthew Connolly to sign on behalf of Plaintiff, nor has such forged signature been ratified by Plaintiff. Additionally, at all relevant times Plaintiff was not physically or otherwise in Connecticut, nor did she use any electronic devices that were related to an IP address of 68.192.43.149.

14. The Loan was funded on or about June 30, 2022 and placed in the joint checking account of Plaintiff and Matthew Connolly.  This deposit was unknown to Plaintiff.  Matthew Connolly removed the funds without Plaintiff's knowledge and used said funds for his own use and enjoyment.  Plaintiff was unaware of the Loan until the next bank statement arrived, at which time Plaintiff called the bank to inquire about the deposit.

15. Upon learning of the fraud, Plaintiff filed police reports (see "Exhibit 4" attached hereto) and an identity theft report with the Federal Trade Commission.  (See "Exhibit 5" attached hereto).

16. In July, 2022, Plaintiff reported the fraudulent Application and negligent issuance of the Loan to Transunion, a credit reporting bureau.  Additionally, Plaintiff reported the fraud directly to NETCREDIT.

17. According to the Promissory Note, NETCREDIT was to collect the monthly payments for the Loan. Additionally, all communications regarding the Loan and Promissory Note were to be directed solely to NETCREDIT as agent for Republic.

18. Plaintiff disputed the fraudulent debt with Transunion, who, pursuant to the Fair Credit Reporting Act ("FCRA"), contacted NETCREDIT about Plaintiff's dispute as to the validity of the Loan. Additionally, on August 6, 2022, Plaintiff provided to NETCREDIT the police reports and the FTC report. (See "Exhibit 6" attached hereto).

19. Republic, by and through its agent NETCREDIT, processed the fraudulently submitted Application and within seven hours, approved and funded the Loan without any supporting documents from Plaintiff, or even a telephone call to Plaintiff, relying solely on a computer algorithm or computer program without any significant human intervention, despite the IP address on the signature of 68.192.43.149, which is a Connecticut IP address. Republic does not issue loans in Connecticut.

## V.   COUNT I – FAIR CREDIT REPORTING ACT
### (VIOLATION OF 15 U.S.C. § 1681b)
### (Against Defendants NETCREDIT LOAN SERVICES, LLC and Republic Bank & Trust Company)

20. Plaintiff incorporates paragraphs 1 to 19 as if fully stated herein.

21. At all times relevant, NETCREDIT was acting as an authorized agent of Republic.

22. The FCRA, 15 U.S.C. § 1681b, provides it is only legal to obtain a credit report on a consumer with the written consent of the consumer or for certain "permissible purposes", which insofar as pertinent are the extension of credit to, or review or collection of an account of, the consumer, employment purposes, the underwriting of insurance, or in connection with a business transaction that is initiated by the consumer.

23.    The requester must affirmatively certify to the consumer reporting agency that a permissible purpose exists.   15 U.S.C. §1681b(f) states:

**Permissible purposes of consumer reports**

(f)  *Certain use or obtaining of information prohibited.*  A person shall not use or obtain a consumer report for any purpose unless
(1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and
(2) the purpose is certified in accordance with section 607 [§ 1681e] by a prospective user of the report through a general or specific certification.

24.    Defendants NETCREDIT and Republic, acting in concert with each other, or pursuant to an agency relationship, obtained or pulled the consumer report of Plaintiff after certifying it was legitimately obtaining the report when, in fact, Defendants NETCREDIT and Republic did not have written permission or a "permissible purpose".

25.    To obtain the consumer report of Plaintiff, the Defendants NETCREDIT and Republic had to affirmatively provide certification of a "permissible purpose".

26.    Defendants NETCREDIT and Republic knew, or should have known, that they did not have any right to obtain the consumer report of Plaintiff, especially when the request was coming from the State of Connecticut for a New Jersey loan.

27.    Defendants NETCREDIT and Republic knew, or should have known, that they did not have either written consent or a "permissible purpose".

28.    15 U.S.C. §1681o, states:

(a) **In general.**  Any person who is negligent in failing to comply with any requirement imposed under this title [15 USCS §§ 1681 et seq.] with respect to any consumer is liable to that consumer in an amount equal to the sum of ---
(1) any actual damages sustained by the consumer as a result of the failure; and

**(2)** in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

**(b) Attorney's fees.**  On a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper.

29.    The Plaintiff had her privacy illegally invaded as a result of Defendants NETCREDIT and Republic's negligent actions and is entitled to damages allowed by the FCRA, not only for the invasion of privacy but also to the extent of the loan that was fraudulently obtained in her name.

## PRAYER FOR RELIEF

Wherefore, the Plaintiff prays for the following relief and judgment in her favor:

a.    Award damages to the Plaintiff for Count I, against Defendants NETCREDIT LOAN SERVICES, LLC and Republic Bank & Trust Company;

b.    Award the Plaintiff her costs, including attorney fees, against both Defendants; and

c.    Award such other and further relief as may be appropriate and proper.

## VI.    COUNT II – VIOLATION OF N.J.S. § 56:11-31
### (Against Defendants NETCREDIT LOAN SERVICES, LLC and Republic Bank & Trust Company)

30.    Plaintiff incorporates paragraphs 1 to 19 as if fully stated herein.

31.    At all times relevant, NETCREDIT was acting as an authorized agent of Republic.

32.    New Jersey Statutes, Section 56:11-31, provides it is only permissible to obtain a credit report on a consumer with the written consent of the consumer or for certain "permissible purposes", which insofar as pertinent are the extension of credit to, or review or collection of an account of, the consumer, employment purposes, the underwriting of insurance, or in connection with a business transaction that is initiated by the consumer.

33.     The requester must affirmatively certify to the consumer reporting agency that a permissible purpose exists.   N.J.S. § 56:11-31(g) states:

> **§56:11-31.  Furnishing of consumer report; permissible circumstances.**
>
> ***
>
> **g.**   A Person shall not use or obtain a consumer report for any purpose unless:
>
> > **(1)** the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and
> > **(2)** the purpose for its use is certified in accordance with section 5 of this act by a prospective user of the report.

34.     Defendants NETCREDIT and Republic, acting in concert with each other, or pursuant to an agency relationship, obtained or pulled the consumer report of Plaintiff after certifying it was obtaining the report for a "permissible purpose" when, in fact, Defendants did not have written permission or a "permissible purpose".

35.     To obtain the consumer report of Plaintiff, NETCREDIT and Republic had to affirmatively provide certification.

36.     Defendants NETCREDIT and Republic knew, or should have known, that they did not have any right to obtain the consumer report of Plaintiff.

37.     Defendants NETCREDIT and Republic knew, or should have known, that they did not have either written consent or a "permissible purpose".

38.     New Jersey Statutes, Section 56:11-39, states:

> **§ 56:11-39.  Negligent noncompliance; liability.**
>
> **a.**   Any person who is negligent in failing to comply with any requirement imposed under this act with respect to any consumer is liable to that consumer in an amount equal to the sum of:

**(1)** any actual damages sustained by the consumer as a result of the failure; and

**(2)** in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorneys' fees as determined by the court.

**b.** On a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorneys' fees reasonable in relation to the work expended in responding to the pleading, motion or other paper.

39. The Plaintiff had her privacy illegally invaded as a result of Defendants NETCREDIT and Republic's negligent actions and is entitled to damages allowed by N.J.S § 56:11-39, not only for the invasion of privacy but also to the extent of the loan that was fraudulently obtained in her name.

## PRAYER FOR RELIEF

Wherefore, the Plaintiff prays for the following relief and judgment in her favor:

a. Award damages to the Plaintiff for Count II, against Defendants NETCREDIT LOAN SERVICES, LLC and Republic Bank & Trust Company;

b. Award the Plaintiff her costs, including attorney fees, against both Defendants; and

c. Award such other and further relief as may be appropriate and proper.

### VII. COUNT III – FAIR CREDIT REPORTING ACT (VIOLATION OF 15 U.S.C. § 1681s-2) (Against Defendant NETCREDIT LOAN SERVICES, LLC)

40. Plaintiff incorporates paragraphs 1 to 19 as if fully stated herein.

41. 15 U.S.C. § 1681n(a) states:

**Civil liability for willful noncompliance [15 U.S.C. § 1681n]**

(a) *In general.* Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of

(1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or
(B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater;

42.     15 U.S.C. § 1681o(a) states:

**Civil liability for negligent noncompliance [15 U.S.C. § 1681o]**

(a) *In general*.  Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of ---
        (1) any actual damages sustained by the consumer as a result of the failure; and
        (2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

43.     15 U.S.C. § 1681i(a)(2) states:

**Procedure in case of disputed accuracy [15 U.S.C. § 1681i]**

(a)  Reinvestigations of Disputed Information

(2)  Prompt Notice of Dispute to Furnisher of Information

        (A) *In general.*  Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person.  The notice shall include all relevant information regarding the dispute that the agency has received from the consumer or reseller.

        (B) *Provision of other information.*  The consumer reporting agency shall promptly provide to the person who provided the information in dispute all relevant information regarding the dispute that is received by the

agency from the consumer or the reseller after the period referred to in subparagraph (A) and before the end of the period referred to in paragraph (1)(A).

44.    15 U.S.C. § 1681s-2(a) states, in part:

**Responsibilities of furnishers of information to consumer reporting agencies [15 U.S.C. § 1681s-2]**

(a) Duty of Furnishers of Information to Provide Accurate Information

(1) Prohibition

(A) *Reporting information with actual knowledge of errors.* A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate.

(B) *Reporting information after notice and confirmation of errors.* A person shall not furnish information relating to a consumer to any consumer reporting agency if

(i)    the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and

(ii)   the information is, in fact, inaccurate.

45.    15 U.S.C. § 1681s-2(a)(6) states:

(6) Duties of Furnishers Upon Notice of Identity Theft-Related Information

(A) *Reasonable procedures.*   A person that furnishes information to any consumer reporting agency shall have in place reasonable procedures to respond to any notification that it receives from a consumer reporting agency under section 605B relating to information resulting from identity theft, to prevent that person from refurnishing such blocked information.

(B) *Information alleged to result from identity theft.*  If a consumer submits an identity theft report to a person

who furnishes information to a consumer reporting agency at the address specified by that person for receiving such reports stating that information maintained by such person that purports to relate to the consumer resulted from identity theft, the person may not furnish such information that purports to relate to the consumer to any consumer reporting agency, unless the person subsequently knows or is informed by the consumer that the information is correct.

46.    15 U.S.C. § 1681s-2(b)(1) states:

(b) Duties of Furnishers of Information upon Notice of Dispute

(1) *In general.*   After receiving notice pursuant to section 611(a)(2) [§ 1681i] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall

(A)  conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [§ 1681i];

(C) report the results of the investigation to the consumer reporting agency;

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly –

(i)      modify that item of information;

(ii)     delete that item of information; or

      (iii)      permanently block the reporting of that item of information.

47.      In July of 2022, Plaintiff disputed with Transunion the alleged NETCREDIT/Republic Loan.

48.      Pursuant to the Fair Credit Reporting Act, Transunion is defined as a "consumer reporting agency."

49.      Pursuant to the Fair Credit Reporting Act, Transunion reported Plaintiff's dispute to Defendant NETCREDIT.

50.      Pursuant to the Fair Credit Reporting Act, Defendant NETCREDIT was required to conduct a reasonable investigation into the validity of the debt.

51.      Defendant NETCREDIT is alleged to have conducted an internal investigation and determined the debt to be validly owed by Plaintiff, despite the IP address of the Loan signature to be located in the State of Connecticut, as shown on the Promissory Note.

52.      During Defendant NETCREDIT'S investigation, Plaintiff supplied NETCREDIT with the police reports and an FTC Identity Fraud report.

53.      The evidence supporting Plaintiff's claim of identity theft was ignored by NETCREDIT. Defendant NETCREDIT quickly concluded its investigation and began incorrectly reporting this debt to the credit reporting agencies again. NETCREDIT produced to Plaintiff, pursuant to a validly issued subpoena in her family law matter, the Application, which contained fraudulently altered information, such as the telephone number for Plaintiff, which was issued to Plaintiff the month after the date on the Application.

54.      Plaintiff has been damaged by NETCREDIT'S conduct, including emotionally. Plaintiff's credit has been continually damaged as a result of continuing to incorrectly report the Loan as hers.

Additionally, Plaintiff has been required to spend numerous hours of her time attempting to correct NETCREDIT's error.

55.     Plaintiff has continually been harassed by NETCREDIT for payment of this fraudulently obtained Loan.

56.     Plaintiff incurred a cost having to pay counsel (not undersigned counsel) to correspond with NETCREDIT to stop harassing Plaintiff and obtain the documents supporting the issuance of the Loan.

57.     Pursuant to the FCRA, Defendant NETCREDIT had a duty to conduct a "reasonable" investigation.  NETCREDIT'S lack of thoroughness, not only in its processing of the Application and subsequent issuance of the Loan, was compounded by its lack of investigative depth.  A reasonable investigation would have shown the Loan does not belong to Plaintiff.  A reasonable investigation does not include fraudulently altering the Application of a disputed loan.

**PRAYER FOR RELIEF**

Wherefore, the Plaintiff prays for the following relief and judgment in her favor:

a.      Award damages to the Plaintiff for Count III, against Defendant NETCREDIT LOAN SERVICES, LLC;

b.      Award punitive damages to Plaintiff for Count III against Defendant NETCREDIT LOAN SERVICES, LLC;

c.      Award the Plaintiff her costs, including attorney fees, against Defendant NETCREDIT LOAN SERVICES, LLC.; and

d.      Award such other and further relief as may be appropriate and proper.

**VIII.   COUNT IV – NEGLIGENCE**
**(Against Defendants NETCREDIT LOAN SERVICES, LLC**
**and Republic Bank & Trust Company)**

58.     Plaintiff incorporates paragraphs 1 to 19 as if fully stated herein.

59.     At all times relevant, NETCREDIT was acting as an authorized agent of Republic and all actions taken by NETCREDIT were for the benefit of both NETCREDIT and Republic.

60.     Defendant NETCREDIT, as an agent of Republic, processed an online request for credit in the name of Plaintiff, submitted illegally by a person other than Plaintiff.

61.     The credit application was not initialed, approved or authorized, or ratified by Plaintiff. The application process and subsequent approval and funding of the Loan, all occurring within seven hours, was unknown to Plaintiff until a month after the completion of the process.

62.     The Application contains errors that should have been verified prior to the issuance of the Loan.  The Application produced to Plaintiff by NETCREDIT contains a telephone number that did not exist for Plaintiff until after the Loan date.  NETCREDIT falsified the Application at some point in time after the Loan was funded.

63.     Had either Defendant NETCREDIT or Republic taken even a limited amount of time performing due diligence prior to the issuance of the Loan, the errors and identity theft of Plaintiff would have been noticed and no loan in Plaintiff's name would have been issued.  This is especially true as the Application was completed in the State of Connecticut, and the Promissory Note was electronically signed in the State of Connecticut, as shown on the IP address. Plaintiff does not reside in the State of Connecticut.

64.     NETCREDIT acts as an agent of Republic by providing an online platform for consumers, or identity thieves, to type in certain basic information and be given quick approval for personal, high interest loans, from Republic. NETCREDIT benefits financially from loans issued through its online platform, funded by Republic. The Application for the Loan was approved within seven hours.

65. NETCREDIT and Republic owe a duty of care to those persons, including Plaintiff, whose names and basic identifying information are used in the attempt to obtain a loan on their online platform.

66. A prudent person would have, at least, a minimum amount of human contact involved in the process of issuing the Loan in the name of Plaintiff, if not during the application process, then prior to any loan actually being disbursed, especially as the IP address of this Loan Application and the execution of the Promissory Note was in the State of Connecticut, Plaintiff did not reside in Connecticut, and Republic does not issue loans in Connecticut.

67. Identity theft and illegal procurement of loans is reasonably foreseeable under the quick approval process used by Defendants NETCREDIT and Republic.

68. Republic and its agent, NETCREDIT, did not provide the duty of care owed to Plaintiff, and as was reasonably foreseeable, Plaintiff was issued a loan in her name through the application process which was not approved by Plaintiff, nor used by Plaintiff, using her stolen personal identifying information.

69. As a result of the negligently issued Loan, Plaintiff has been, and continues to be damaged, not only by the amount of the Loan, now in default, but by the severe damage to Plaintiff's credit as well as to Plaintiff's emotional wellbeing.

<strong>PRAYER FOR RELIEF</strong>

Wherefore, the Plaintiff prays for the following relief and judgment in her favor:

a. Award damages to the Plaintiff for Count IV, against Defendants NETCREDIT LOAN SERVICES, LLC and Republic Bank & Trust Company;

b. Award the Plaintiff her costs, including attorney fees, against both Defendants; and

c. Award such other and further relief as may be appropriate and proper.

**IX.    COUNT V – DECLARATORY JUDGMENT PURSUANT
TO N.J.S. § 2A:16-52
(Against Defendants NETCREDIT LOAN SERVICES, LLC
and Republic Bank & Trust Company)**

70.    Plaintiff incorporates paragraphs 1 to 19 as if fully stated herein.

71.    N.J.S. § 2A:16-52 states:

> **§ 2A:16-52.    Declaration of rights, status and other legal relations**
>
> All courts of record in this state shall, within their respective jurisdictions, have power to declare rights, status and other legal relations, whether or not further relief is or could be claimed; and no action or proceeding shall be open to objection on the ground that a declaratory judgment is demanded.

72.    N.J.S. § 2A:16-53 states:

> **§ 2A:16-53.  Questions determinable and rights declarable**
>
> A person interested under a deed, will, written contract or other writing constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder.

73.    Plaintiff is the victim of identity theft and is being further and continually victimized, both financially and emotionally, by the continued actions of Defendants NETCREDIT and Republic.

74.    Plaintiff's estranged husband used, without authorization, approval or ratification, Plaintiff's personal identifying information in order to obtain the Loan underlying this action.  He then used the funds for his illicit extramarital affair. The Loan was obtained without the knowledge or approval of Plaintiff.

75. Plaintiff, after finding out about the Loan, did what was required after an identity theft, namely, reporting the incident to the local police and to the FTC. Plaintiff also disputed the debt directly with Transunion and NETCREDIT, as the servicing agent for the Loan.

76. Allegedly, NETCREDIT conducted an "investigation" into the identity theft allegation of Plaintiff and determined that the debt was valid.

77. Defendants NETCREDIT and Republic continue to negatively report Plaintiff to credit bureaus.

78. Plaintiff did not authorize her estranged husband to use her personal identifying information to apply for the Loan, reported the Loan as fraudulently procured in her name from an IP address in the State of Connecticut, did not use the funds for herself, and was unaware of the funds being deposited into the couples' joint bank account. Plaintiff continues to be damaged, both financially and emotionally, by NETCREDIT and Republic's continued collection efforts and negative reporting.

79. Plaintiff's only option is a declaratory judgment that this debt is not hers and that she bears no financial responsibility for such debt, procured in the State of Connecticut during a time in which she was not physically, or electronically, in the State.

### PRAYER FOR RELIEF

Wherefore, the Plaintiff prays for the following relief and judgment in her favor:

a. Issue a Declaratory Judgment declaring that the debt alleged by Defendants NETCREDIT LOAN SERVICES, LLC and Republic Bank & Trust Company is not Plaintiff's and that Plaintiff has no liability for payment for said debt;

b. Award the Plaintiff her costs, including attorney fees, against Defendants NETCREDIT LOAN SERVICES, LLC and Republic Bank & Trust Company; and

c.      Award such other and further relief as may be appropriate and proper.

### X.      COUNT VI – VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT PROHIBITION AGAINST AUTOMATED CALLING VIA PRE-RECORDED MESSAGE (Against Defendants NETCREDIT LOAN SERVICES, LLC and Republic Bank & Trust Company)

80.     Plaintiff incorporates paragraphs 1 to 19 as if fully stated herein.

81.     In 1991, Congress enacted the Telephone Consumer Protection Act ("TCPA" or the "Act") to regulate the explosive growth of the automated calling industry.  In doing so, Congress recognized that telemarketing, unrestricted, would be an intrusive invasion of privacy.

82.     The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA.

83.     The FCC has issued rulings and clarified that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous written disclosure must be provided to the individual.

84.     The TCPA makes it unlawful to make any call, unless it is a call for emergency purposes, or a call made with the consent of the called party, using an automatic telephone dialing system or an artificially generated or prerecorded voice, to any telephone number assigned to a cellular telephone service, a paging service, a specialized mobile radio service, a radio common carrier service, or any service in which the called party is charged for the call.

85.     According to findings by the FCC, the agency Congress has vested with the authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.  The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

86.     The TCPA provides a private cause of action to persons who receive calls in violation of the Act.  This cause of action applies to users of any one of the four protected services (cellular, pager, specialized mobile radio [i.e. radiotelephony locator beacons or dispatch systems], or other radio common carrier service [i.e. ship-to-shore or air-to-ground], or any service, including residential, VoIP, and landline services for which the called party is charged for the call.

87.     Non-emergency autodialed calls or prerecorded voice calls are permissible only with the prior express consent of the called party.

88.     The FCC has repeatedly acknowledged the existence of vicarious liability under the TCPA.

89.     Plaintiff's cellular number is xxx-xxx-4156 (the "Number"), and has been since July, 2022.

90.     Plaintiff's cellular number is used for personal purposes.

91.     Plaintiff's cellular number is not associated with a business.

92.     Since June 2022, on at least 10 occasions, Defendants left the following message on Plaintiff's cellular Number when she did not answer the telephone:

> Hello, this is Andrea with NETCREDIT.  I'm calling to inform you that we have an urgent matter that requires your attention.  We understand these are difficult times, so if you've been impacted by COVID 19, we are here to help.  Please call us back as soon as possible at 877-392-2016, Monday through Friday from 8 am to 8 pm Central Standard Time, and Saturday and Sunday from 9 am to 5:30 pm Central Standard Time to discuss your available options. We look forward to hearing from you.  Have a great day.

93.     Plaintiff never provided her consent or requested the calls.  Defendants ignored multiple requests by Plaintiff not to be called and indications that the Plaintiff had been the victim of identity theft and that the Loan was not hers.

94.     Each message was identical in terms of length, voice, pattern, pronunciation and enunciation of words, and tone.  All messages were identical pre-recorded messages.

95. The calls were not necessitated by any emergency.

96. Plaintiff was harmed by the calls. In fact, she was temporarily deprived of legitimate use of her cellular telephone and her privacy was improperly invaded. Additionally, the calls injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiff.

97. The foregoing acts and omissions of Defendants NETCREDIT and Republic, and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf, constitute numerous and multiple violations of the TCPA, by sending calls, except for emergency purposes, to the cellular Number of Plaintiff using a prerecorded voice.

98. As a result of Defendants NETCREDIT and Republic, and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf's violations of the TCPA, Plaintiff is entitled to an award of $500.00 to $1,500.00 in damages for each and every call made to her cellular Number for which she is charged for the call using an artificial or prerecorded voice.

99. Plaintiff is also entitled to and does seek injunctive relief prohibiting Defendants NETCREDIT and Republic, and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf, from violating the TCPA by making calls or sending messages, except for emergency purposes, to any number using an artificial or prerecorded voice in the future.

100. Defendants NETCREDIT and Republic's violations were willful and/or knowing.

## PRAYER FOR RELIEF

Wherefore, the Plaintiff prays for the following relief and judgment in her favor:

a. Injunctive relief to the Plaintiff for Count VII, against Defendants NETCREDIT LOAN SERVICES, LLC and Republic Bank & Trust Company, prohibiting them from calling Plaintiff's cellular telephone number using an artificial or prerecorded voice;

b.      Award the Plaintiff her costs, including attorney fees, against both Defendants;

c.      Award the Plaintiff $500.00 in damages for each violation of the TCPA, or, where such regulations were willfully or knowingly violated, up to $1,500.00 per violation; and

d.      Award such other and further relief as may be appropriate and proper.

## XII.    JURY DEMAND

Plaintiff demands trial by jury for all issues so triable.

## XIII.    DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Plaintiff hereby designates Leo W. Desmond of Desmond Law P.A. as trial counsel in this matter.

## XIV.    CERTIFICATION

I hereby certify that confidential personal identifiers have been redacted from documents now submitted to the Court and will be redacted from all documents submitted in the future in accordance with R. 1:38-7(b).  I further certify that the causes alleged herein is not the subject of any other action pending in any Court or arbitration proceeding.  Furthermore, at this time, joinder of any additional parties is not necessary or anticipated to be necessary in the future.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

DESMOND LAW P.A.

*/s/ Leo W. Desmond*
Leo W. Desmond, Esq.

Dated: February 23, 2024

*Attorney for Plaintiff*

# EXHIBIT 1



## Application Details:
Name: Mary Connolly

Social Security Number: ███████

Date of Birth: ██████

Address: ██████

City, State, Zip Code: Bernardsville, NJ 07924

Primary Number: ████████56

Secondary Number: Not Provided

Email Address: █████████@yahoo.com

## Bank Details:
Bank Name: Bank of America N.A.

Bank Phone Number: (800) 466-0135

9-digit Routing Number: ██████

Account Number: ███████

## Employment Details:
Source of Income: Employed

Company Name: Fischer Health & Rehab

Position: Director of Physical Therapy

Work Phone Number: (908) 903-1901

Pay Per Check: ██████

Pay Frequency: Biweekly

## Loan Details:
**Loan#**: ████████566

Loan type: Installment Loan

Application date: 2022-06-30 @ 03:24  AM CST

Funding date: 6/30/2022 via ACH

Loan Amount: $8,500.00

Recurring Payment: $226.20

Total Cost of Credit: $16,831.72

Total Repayment Amount: $25,331.72

# EXHIBIT 2

Christine M. Dalena
 Attorney ID Number: 044391988
LAUFER, DALENA, JENSEN, BRADLEY
 & DORAN, L.L.C.
23 Cattano Avenue at Chancery Square
Morristown, New Jersey 07960
(973) 285-1444
(973) 285-0271
Attorneys for Plaintiff

|  |  |
|---|---|
| **MARY ANN CONNOLLY,**<br><br>Plaintiff,<br><br>vs.<br><br>**MATTHEW C. CONNOLLY,**<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION<br>FAMILY PART<br>SOMERSET COUNTY<br><br>DOCKET NO. FM-18-000164-23<br><br>Civil Action<br><br>**SUBPOENA DUCES TECUM** |

State of New Jersey To:     NetCredit

**Via E-mail: support@netcredit.com**

**YOU ARE HEREBY COMMANDED** to attend and give testimony by deposition upon oral examination before a certified short hand reporter of the State of New Jersey, or other authorized person by the laws of the State of New to Jersey to administer oaths, on **September 30, 2022 at 9:00 a.m.** at the offices of Laufer, Dalena, Jensen, Bradley & Doran, L.L.C., 23 Cattano Avenue, Morristown, New Jersey 07960, in the above-captioned action and on behalf of the Plaintiff, Mary Ann Connolly, and that you bring with you and produce at that time all of the documents reflected on **SCHEDULE A** attached hereto.

In accordance with R. 4:14-7 (c) the requested documents shall not be produced or released prior to the above date. **However, we will accept production of the records in lieu of an**

1

appearance by a representative. You may produce the records to our office on the return date of the Subpoena to avoid an appearance.

If you are notified that a motion to quash the subpoena has been filed, you are not to produce or release the subpoenaed evidence until ordered to do so by the court or the release is consented to by all parties.

Failure to appear or produce documentation according to the command of this Subpoena will subject you to penalties, damages in civil suit and punishment for contempt of Court.

LAUFER, DALENA, JENSEN, BRADLEY
& DORAN, L.L.C.
Attorneys for Plaintiff

BY: _____
CHRISTINE M. DALENA, ESQUIRE

Dated: September 16, 2022

/s/ Michelle M. Smith
Clerk of the Superior Court

2

Re:    **Mary Ann Connolly**
**7 Liberty Road, Bernardsville, NJ 07924**
**Date of Birth:  March 28, 1977**
**Social Security Number:** ▮▮▮▮▮▮
**Account No.** ▮▮▮200

## <u>SCHEDULE A</u>

1. Copies of any and all loan applications submitted in the name of Mary Connolly and or Mary Ann Connolly, individually or jointly with another, including, but not limited to, the loan referenced above, from January 1, 2018 to the present date.

2. Copies of any all financial documents submitted in support of the loan application submitted in the name of Mary Connolly and/or Mary Ann Connolly, individually or jointly with another, including, but not limited to, the loan referenced above, from January 1, 2018 to the present date.

3. Copies of all final executed loan documents in connection with the loan referenced above and any and all other loan applications submitted in the name of Mary Connolly and/or Mary Ann Connolly, individually or jointly with another, from January 1, 2018 to the present date.

4. Accounting of all monthly loan payments made for any loans issued in the name of Mary Connolly and/or Mary Ann Connolly, individually or jointly with another, including, but not limited to, the loan referenced above, from January 1, 2018 to the present date.

5. Proof of payment of the loan proceeds listed above as well as any and all other loans taken in the name of Mary Connolly and/or Mary Ann Connolly, individually or jointly with another, from January 1, 2018 to the present date.

# EXHIBIT 3

# NetCredit Portal

Welcome **jroels**    Sign Out (/users/sign_out)

## INSTALLMENT LOAN AGREEMENT

**Projected Disbursement Date:**
Jun 30, 2022

**Loan No.:**
██████████566

**Account ID:**
████████

**CREDITOR:**

Republic Bank & Trust Company
601 West Market Street
Louisville, KY 40202

**BORROWER:**

Mary Connolly
████████████

Bernardsville, NJ 07924
203-858-1298
908-903-1901

This is a consumer credit transaction. This Installment Loan Agreement ("**Agreement**") includes the disclosures above, the Federal Truth in Lending Act Disclosures below ("**TILA Disclosures**") and the Additional Terms. In this Agreement, the following terms have the following meanings: "**you**," "**your**" and "**I**" mean the Borrower named above. "**We**," "**our**," "**us**," and "**Lender**" refer to Republic Bank & Trust Company and/or its successors and assigns. "**Loan**" refers to the loan that Republic Bank & Trust Company is making to you in this Agreement. "**Principal Amount**" refers to the total amount loaned to you, including any Origination Fee (as defined below). "**Business Day**" means Monday through Friday, excepting Federal holidays.

HIGH COST CREDIT DISCLOSURE. This Loan is an expensive form of credit. Other credit options may be less expensive.

**THIS AGREEMENT INCLUDES AN ARBITRATION PROVISION. UNLESS YOU PROPERLY REJECT THE ARBITRATION PROVISION OR ARE A MEMBER OF THE ARMED FORCES OR A DEPENDENT OF SUCH A MEMBER COVERED BY THE FEDERAL MILITARY LENDING ACT, THE ARBITRATION PROVISION WILL HAVE A SUBSTANTIAL EFFECT ON YOUR RIGHTS IN THE EVENT OF A DISPUTE WITH US. FOR EXAMPLE, FOR ANY CLAIM SUBJECT TO ARBITRATION, YOU WILL NOT HAVE THE RIGHT TO A JURY TRIAL OR THE RIGHT TO PARTICIPATE IN A CLASS ACTION IN COURT OR IN ARBITRATION.**

## FEDERAL TRUTH-IN-LENDING ACT DISCLOSURES

| ANNUAL PERCENTAGE RATE ("APR") The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 64.80% (e) | $16,831.72 (e) | $8,500.00 | $25,331.72 (e) |

**Payment Schedule (e):**

Your payment schedule will be 112 payments due every two weeks on Thursdays, beginning Thursday, Jul 14, 2022 and ending Thursday, Oct 15, 2026, except that if any of these days is not a Business Day, your payment will be due on the preceding Business Day. Each payment will be in the amount of $226.20, except for your last payment which will be in the amount of $223.52.

**Late Charge:** If you fail to make all or any part of a scheduled installment payment within 15 days of its due date, you may incur a late charge of $25.00.

**Prepayment:** If you payoff early in full or in part, you
☐ may   ☒ will not   have to pay a penalty.

**Contract Reference:** See your Agreement for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

(e) means an estimate.

## ITEMIZATION OF AMOUNT FINANCED OF $8,500.00

1. Total Loan amount (Principal Amount): $8,500.00
2. Prepaid finance charge (Origination Fee): $0.00
3. Amount given to you directly (1-2=3): $8,500.00

## ADDITIONAL TERMS

**IMPORTANT INFORMATION ABOUT PROCEDURES FOR OPENING A NEW ACCOUNT:** To help the government fight the funding of terrorism and money laundering activities, Federal law requires all financial institutions to obtain, verify, and record information that identifies each person who opens an account. What this means for you: When you open an account, we will ask for your name, address, date of birth, government ID number, or other information that will allow us to identify you. We may also ask to see your driver's license or other identifying documents.

Before we disburse Loan proceeds, we will seek to verify the information we have collected in connection with your request for a Loan. Such verification may require you to provide additional information to us. You agree that, in the event that we are unable to complete the verification to our satisfaction and the final approval of your Loan, we are not obligated to disburse Loan proceeds. If we do not disburse Loan proceeds, we will notify you at the e-mail address you provided to us.

If we are able to complete the final approval of your Loan and verification to our satisfaction, we will use commercially reasonable efforts to disburse Loan proceeds by the Projected Disbursement Date stated above. Certain of the TILA Disclosures are estimated (as indicated by the (e)) and are based on our expectation that Loan proceeds will be disbursed to you on the Projected Disbursement Date set forth above. Banking delays, Federal holidays, or delays in making contact with you to verify the information you have provided to us may cause the Loan proceeds to be disbursed later than the Projected Disbursement Date noted above.

## CANCELLATION.

You have the right to cancel this Loan until 6:00 PM Eastern Time on the next Business Day immediately following the day we disburse the proceeds of your Loan ("**Cancellation Deadline**"). To cancel, you must inform us of your intent to cancel in writing no later than the Cancellation Deadline via fax at (855) 878-1068 or via e-mail at support@netcredit.com (mailto:support@netcredit.com). If the cancellation of your Loan is successful, all interest that has accrued and the Origination Fee, if any, will be waived and you will have no further payment obligations under this Agreement. If you seek to cancel, you authorize us to initiate an electronic fund transfer ("**EFT**") debit transaction through the Automated Clearing House ("**ACH**") network, to debit your Deposit Account (as defined below in the ELECTRONIC FUND TRANSFER AUTHORIZATION FOR YOUR LOAN PROCEEDS) for the amount given to you directly as specified in the ITEMIZATION OF AMOUNT FINANCED section above. **If we are not able to successfully debit your Deposit Account (through no fault of our own) or the debit attempt is returned unpaid, your Loan will not be canceled and your obligations under this Agreement will continue just as if you had not attempted to cancel.**

## SERVICING.

Any rights granted to us and any duties we have under this Agreement may be exercised or undertaken by servicers or other agents we designate. Unless and until we notify you otherwise, this Loan will be serviced by NetCredit Loan Services, LLC ("**NetCredit**").

## ASSIGNMENT.

We may sell, assign, or otherwise transfer this Loan and our rights under this Agreement and amounts owed by you to another creditor at any time. If we do so, this Agreement will remain in effect and will be binding on and will inure to the benefit of our assign(s). You may not transfer your rights under this Agreement. Any attempt to do so will be void.

## PROMISE TO PAY AND LATE CHARGE.

You promise to pay us the Principal Amount of $8,500.00, plus interest, as described below, according to the Payment Schedule above (or any adjusted payment schedule subsequently agreed to by you and us), plus any other amounts you owe us under this Agreement.

*Origination Fee and other Charges.* If there is a prepaid finance charge specified on line two (2) of the Itemization of Amount Financed above ("**Origination Fee**"), it is included in the Principal Amount of this Loan, it is fully earned as of the date of this Agreement, and it is non-refundable, unless you cancel this Loan in accordance with the CANCELLATION section of this Agreement. Interest will accrue on the Origination Fee, if any, from the date Loan proceeds are disbursed. You also promise to pay the Origination Fee, if any, and any other charges provided for under this Agreement.

*Interest.* We charge interest on your Loan. Interest accrues beginning on the later of (i) the Projected Disbursement Date; or (ii) the date Loan proceeds are disbursed and is accrued until the earlier of (i) the date that your Loan is paid in full or (ii) the scheduled due date of the final installment payment for your Loan or (iii) as of the date your Loan is accelerated pursuant to the DEFAULT AND ACCELERATION provision of this Agreement.

The interest on your Loan is calculated using an "adjusted daily simple interest method" at an annual rate of 65.00% ("**Contract Rate**"). The "**Daily Rate**" is the Contract Rate divided by 365. We calculate the interest on a daily basis by multiplying the Adjusted Principal Balance of your Loan by the Daily Rate. "**Adjusted Principal Balance**" means the Principal Amount of your Loan, minus any payments that have been applied to the Principal Amount, and minus any part of the Principal Amount that is past due. If the daily interest includes a fraction of a cent, the daily interest is rounded down to the nearest whole cent. Interest will not be payable before it accrues and will not be compounded. Interest does not accrue on late charges, but it accrues on the Origination Fee, if any.

The "Finance Charge" stated in the TILA Disclosures above represents the Origination Fee, if any, and the amount of interest that you will pay under this Agreement if you receive your Loan proceeds on the Projected Disbursement date and you make all the scheduled installment payments on each due date. PLEASE NOTE: If the parties agree to an adjusted payment schedule, interest will accrue based on the adjusted payment schedule. However, you will not be required to pay more total interest than the Finance Charge, less the Origination Fee, if any, set forth in the TILA Disclosures above.

*Payment Methods.* You may make payments on your Loan using any of the following permitted payment methods. We reserve the right to add or remove accepted payment methods at any time.

- Recurring ACH (EFT – AutoPay): You have indicated that you wish to make your payments via recurring electronic funds transfers debited from your Deposit Account. **You are not required to authorize us to initiate EFTs for your installment payments in order to qualify for a Loan.**
- One-time ACH (EFT): You may authorize us to initiate a one-time electronic fund transfer debited from your Deposit Account via your online account with us or by calling us at (877) 392-2014.
- Check or Money Order: By mailing your payment to Republic Bank & Trust Company, c/o NetCredit, P.O. Box 206766, Dallas, TX 75320-6766.
- Other Payment Methods: We may permit you to make payments using other payment methods from time to time. Please call us at (877) 392-2014 for more information.

For more information, please see www.netcredit.com/faq under "Repayment." The individual account ID and your name should be included with each payment— if we cannot identify you and your Loan, we may reject your payment. No correspondence should be included if you are mailing your payment. You may not pay any installment payment with a credit card.

*Due Dates.* You must make each payment by the date it is due, according to your Payment Schedule. In order for your payment to be considered timely, it must be received by the cut-off time applicable to your method of payment. One-time ACH payments must be authorized by 1 PM Eastern Time on the day before your payment due date to be considered timely. Any payment not actually received by us will not be considered timely. We reserve the right to change the cut-off time for any payment method at any time. For the cut-off time applicable to your method of payment and any changes to these cutoff times, please visit www.netcredit.com/faq (https://www.netcredit.com/faq#how-to-repay-personal-loan) and review the "How can I repay my personal loan or line of credit?" section.

*Late Charges.* You may incur a $25.00 late charge if you fail to make the entire amount of a scheduled installment payment within 15 days of its due date. However, you will not incur a late charge if the delinquency is solely due to the non-payment of a prior late charge. If you incur any late charges, you agree to allow us to add the amount of such late charge to the amount of your next scheduled installment payment or to initiate a separate EFT or other payment for the late charge on or after the date of your next installment due date.

## PREPAYMENT.

You have the right to prepay your Loan in full or in part at any time. You will not incur an additional charge, fee or penalty for prepayment. If you prepay in full, you will not be entitled to a refund of the Origination Fee, if any, unless you cancel the Loan as described above in the CANCELLATION section of this Agreement. If you prepay in full or in part, you will not be entitled to any rebates. Prepayment of the Principal Amount may reduce the total amount of interest you pay under this Agreement, but a partial prepayment may not affect your obligation to make your next installment payment according to the Payment Schedule. Your prepayment will be applied as set forth in the APPLICATION OF PAYMENTS section below. To process a partial or full prepayment or receive a payoff balance, you should call us at (877) 392-2014, or tell us of your intent to prepay in writing via fax at (855) 878-1068 or e-mail at support@netcredit.com. You may also make a prepayment by using any permitted payment method(s) listed above in the Payment Methods section of this Agreement. Unless otherwise specified, any payoff amount we provide will be calculated as of the date we expect to seek payment from your Deposit Account for the balance owing or such other date we indicate.

## APPLICATION OF PAYMENTS.

If your Loan is current, we credit all payments to the currently due installment by applying the payment first to fees (excluding any Origination Fee), second to interest, and third to the portion of the Principal Amount then due (including any Origination Fee). All payments are credited as of the date we receive the payment.

If any amount you owe is past due, payments will be applied first to satisfy any past due fees (excluding any Origination Fee), second to past due interest, third to the portion of the Principal Amount that is past due (including any Origination Fee), fourth to currently due fees (excluding any Origination Fee), fifth to currently due interest and sixth to the portion of the Principal Amount that is currently due (including any Origination Fee).

If we receive an early payment at least two Business Days before your next due date, the payment will be applied to your next-due installment. If such early payment is less than the amount of the next-due installment, then you must pay the difference on or before your next due date. If you have authorized payments by AutoPay, we will debit the difference between the amount paid and the amount due on your next due date.

If we receive a payment within two Business Days of that installment's due date or on the due date, it may not reduce the amount of any AutoPay we initiate on the due date. For more details, please visit https://www.netcredit.com/faq#how-will-my-payment-be-applied (https://www.netcredit.com/faq#how-will-my-payment-be-applied).

Making an installment payment in excess of what is due may reduce the total amount of interest you are scheduled to pay on your Loan under this Agreement and the amount of your remaining payments (starting with your last payment and working backwards). For example, if you have twelve (12) installments and you make a double payment on your second installment due date, then your extra payment will be applied to the outstanding Principal Amount, and you will still owe a regular installment payment on your third due date; however, your extra payment will likely reduce the amount of interest you pay and may reduce or eliminate one or more installment payments beginning with your twelfth (12th) scheduled installment payment).

## CREDIT REPORTING.

**You authorize and instruct us to obtain credit and other reports about you from time to time for any permissible purpose, including, but not limited to, the origination and maintenance of your Loan.**

**We may report information about your Loan to credit bureaus. Late payments, missed payments or other defaults on your Loan may be reflected in your credit report.**

**You have the right to dispute the accuracy of information we have reported. If you believe that any information about your Loan that we have furnished to a consumer reporting agency is inaccurate, or if you believe that you have been the victim of identity theft in connection with any Loan made by us, write to Republic Bank & Trust Company, c/o NetCredit, Attn: Legal Department, 175 W. Jackson Blvd., Suite 1000, Chicago, IL 60604. In your letter (i) provide your name and Loan number, (ii) identify the specific information that is being disputed, (iii) explain the basis for the dispute and (iv) provide any supporting documentation you have that substantiates the basis of the dispute. If you believe that you have been the victim of identity theft, please also submit an identity theft report to the address specified above.**

## ELECTRONIC FUND TRANSFER AUTHORIZATION FOR YOUR LOAN PROCEEDS.

You authorize us to initiate an EFT to credit the checking account specified in your Loan application, or that you have previously identified to us or our servicer for purposes of receiving prior loan proceeds or making payments on a prior loan, or any substitute account you may later provide us ("**Deposit Account**") with the proceeds of your Loan. In the event that an error is made in processing this EFT, you further authorize us to initiate an EFT to the Deposit Account to correct such error.

## PAYMENT AUTHORIZATION.

### Optional Nature of Authorization

You are not required to authorize us to initiate EFTs for your installment payments in order to qualify for a Loan. You have the option of arranging to make your installment payments by a method that does not involve EFTs. You agree that making your installment payments by EFT is for your convenience. By entering the last four digits of your Social Security Number, signing this Payment Authorization and clicking the "I AGREE" button below, you acknowledge that you are voluntarily choosing to make your installment payments by EFT.

### EFT Authorization for Installment Payments, Late Charges, Cancellation, and Error Correction

You authorize us (which includes, for the purpose of this Payment Authorization, our servicers/service providers, successors and assigns and the servicers/service providers of our successors and assigns) to initiate an EFT through the ACH network (or another network of our choosing) to debit (or, in the case of an error, debit or credit, as applicable) your Deposit Account for the following amounts, on or after the date each such amount is due:

- Each of the installment payments due under the Agreement, up to the amount specified in the Payment Schedule (or, if you make a partial installment payment prior to the cut-off time for your payment method for your scheduled due date, the amount of the installment less the amount of any such payment) plus any applicable late charges on or after its due date;
- Each late charge of $25.00, if any, which shall be due on the scheduled installment due date immediately following the date it is assessed;
- The final installment payment due, which may vary based upon payment history (including early payments or extra payments) during the course of the Agreement, on the final installment due date set forth in the Payment Schedule;
- In the event that you cancel the Loan as prescribed in the CANCELLATION provision above, the entire amount disbursed directly to you as stated above in the ITEMIZATION OF AMOUNT FINANCED section, within two (2) Business Days of timely cancellation; and
- The amount required to correct any error in processing an EFT (or that we otherwise discover) on or after the date the error is discovered.

You agree that we may resubmit any EFT that is returned due to insufficient funds in your Deposit Account up to two additional times, unless prohibited by applicable law or network rules. We may submit any EFT returned for any other reason as permitted by applicable law and network rules. You acknowledge that the origination of EFT transactions to the Deposit Account must comply with applicable provisions of U.S. law.

## Modification of Payment Authorization

Instead of or in addition to any of the EFTs described above, you may subsequently authorize us by phone, text message, e-mail, fax or by logging into the online Loan account to process one or more EFTs through the ACH network or another network of our choosing (including, for example, a payment card network) for payment on your Loan. If you, using any of the methods of contact described above, (i) specify the amount(s) and date(s) of the EFT(s); (ii) identify the Deposit Account from which the EFT(s) will be debited; and (iii) electronically sign an EFT authorization, then you authorize us to initiate EFTs from your Deposit Account in the amounts and on the dates that you specify (and, if necessary, to electronically correct any erroneous EFTs with debits or credits). All EFT transactions that you authorize must comply with applicable law and network rules.

## Right to Stop Payment and Procedure for Doing So

You may terminate one or all of the authorizations to initiate EFTs from the Deposit Account set forth above by calling us at (877) 392-2014 or writing to us via fax at (855) 878-1068, by e-mail at support@netcredit.com, or by mail at Republic Bank & Trust Company, c/o NetCredit, 175 W. Jackson Blvd., Suite 1000, Chicago, IL 60604, in time for us to receive your request three (3) Business Days or more before the EFT is scheduled to be processed. If you call, we may also require you to confirm your stop payment order in writing and get it to us within fourteen (14) days after you call.

In the event that you terminate this authorization, you will still be responsible for paying all amounts you owe us under this Agreement by using another permitted payment method.

## Your Deposit Account Information

You confirm that you own the Deposit Account, that your Deposit Account is an open and active consumer deposit account held at a U.S. financial institution, and that your Deposit Account is in good standing. If there is any missing or erroneous information concerning your Deposit Account or the financial institution that holds it, then you authorize us to verify and correct such information. You have given us certain information about your Deposit Account so that, among other things, we can verify the account number and routing number. You are responsible for updating us if there are any changes to your Deposit Account or information relating to your Deposit Account that may affect your Loan.

## Fees Your Financial Institution May Charge You for Rejected Payments

You understand that the financial institution holding your Deposit Account may impose additional fees in connection with returned or rejected EFTs, including when you have insufficient funds to cover a payment, and you agree that we do not have any liability regarding any such fees. **IN THE EVENT THAT YOU DO NOT HAVE SUFFICIENT FUNDS IN YOUR DEPOSIT ACCOUNT TO COVER THE AMOUNT OF ANY EFT AUTHORIZED HERE, YOU SHOULD CONTACT US AT LEAST THREE (3) BUSINESS DAYS IN ADVANCE OF YOUR NEXT SCHEDULED DUE DATE SO THAT WE CAN STOP THE EFT AND ARRANGE FOR AN ALTERNATIVE METHOD OF REPAYMENT.**

## Range of Varying Amounts

Your scheduled installment payments provided in the Payment Schedule shown above will vary if: (1) you make partial payments; (2) make prepayments; and/or (3) you are assessed any late charges pursuant to the Agreement. The range of your scheduled installment payments will normally not vary by more than the amount necessary for such adjustments and will be between $0.01 and the amount indicated for each payment in the Payment Schedule of your TILA Disclosures above plus a late charge of $25.00. If your scheduled installment payment exceeds the amount of your installment set forth in the Payment Schedule, plus any applicable late charges due, we will send you notice at least ten (10) days in advance of the payment.

You understand that you have the right to receive notice in advance of any payment amount that varies from that which is in your Payment Schedule. To receive advance notice of all varying amount payments, you may call us at (877) 392-2014, or write to us via e-mail at support@netcredit.com or fax at (855) 878-1068.

## Full Force and Effect

This Payment Authorization will remain in full force and effect until the earlier of: (i) we receive full and final payment of the amounts you owe us under this Agreement; or (ii) we have received notification from you, as described above, of its termination. You must notify us at least three (3) Business Days in advance of your next scheduled due date, to afford us and the financial institution holding the Deposit Account a reasonable opportunity to act on your notice. If you do not notify us at least three (3) Business Days in advance of your next scheduled due date, the revocation of your payment authorization will be effective for your subsequent scheduled payment.

## DEFAULT AND ACCELERATION.

Subject to applicable law, which may require that we notify and/or give you a right to cure your default, we may declare you in default under this Agreement for any of the following reasons: (i) if you do not pay in full a payment within thirty (30) days of the due date set forth in the Payment Schedule or any adjusted payment schedule subsequently agreed to by you and us and confirmed by us in writing; (ii) if you violate any promise you make to us in this Agreement, which significantly impairs your ability to pay or our ability to collect the amounts due under this Agreement; (iii) if you file for protection under the United States Bankruptcy Code, or become subject to a proceeding which seeks relief from debt; (iv) if you have made a false or misleading statement about an important matter in connection with this Agreement, including your application for credit; or (v) you die or become legally incompetent.

In the event of default, we may (i) declare the entire outstanding balance that you owe under this Agreement, and any other applicable charges (as permitted by law), immediately due and payable; (ii) proceed to reduce our claim to a judgment in accordance with applicable law; and (iii) exercise any other rights we have under this Agreement or the law. To the extent permitted by applicable law, you agree to pay our court costs, reasonable attorneys' fees and other collection costs related to the default. PLEASE NOTE: Residents of Minnesota, Nebraska, Ohio, Oklahoma and Wyoming should see important terms regarding court costs, attorneys' fees and other collection costs below under "IMPORTANT NOTICES."

By choosing any one or more of these remedies listed above, we do not give up our right to use another remedy later. By deciding not to use any remedy should you be in default, we do not give up our right to consider the event a default if it happens again. We may delay or refrain from enforcing any of our rights under this Agreement without waiving such rights. You understand that any waiver of our rights will not be effective unless it is in writing signed by us.

## GOVERNING LAW AND INTERPRETATION.

**Except as otherwise expressly provided in this Agreement, this Agreement (other than the Arbitration Provision) and all related disputes are governed by applicable federal law and the laws of the Commonwealth of Kentucky, without regard to its conflict of law provisions.**

**Except as provided in the Arbitration Provision, if any provision of this Agreement is determined to be void, invalid or unenforceable under any applicable law, rule or regulation, it shall not affect the validity or enforceability of any other provision of this Agreement and such other provisions will remain valid and enforceable.**

**Kansas and Wyoming Residents Only: If you are a resident of Kansas or Wyoming, this Agreement is governed by the laws of Kansas or Wyoming, respectively, except to the extent preempted by federal law.**

## CORRESPONDENCE.

All notices to us must be sent to Republic Bank & Trust Company, c/o NetCredit, Attn: Legal Department, 175 W. Jackson Blvd., Suite 1000, Chicago, IL 60604. To the extent permitted under applicable law, any notice you send us will not be effective until we receive and have had a reasonable opportunity to act on such notice. Any written or electronic correspondence we send to you will be effective and deemed delivered when sent in accordance with any authorization for electronic communications you execute or mailed to you at your mailing address, as it appears on our records.

## BANKRUPTCY.

All bankruptcy notices and related correspondence to us must be sent to us at Republic Bank & Trust Company, c/o NetCredit, Attn: Legal Department, 175 W. Jackson Blvd., Suite 1000, Chicago, IL 60604. You promise that you have no current intent to file any bankruptcy petition and have not consulted a bankruptcy attorney in the past six (6) months.

## CHANGE IN CIRCUMSTANCES.

We will rely on your mailing and e-mail addresses as they appear on our records for any and all communications we send you by mail or e-mail unless and until either you or, in the case of your mailing address, the U.S. Postal Service, notifies us of a change of address and we have had a reasonable opportunity to act on such notice. You agree to notify us of any changes to your name, mailing or e-mail address, or phone number (including your cell phone number) within fifteen (15) days by writing us at the Notice Address or going on www.netcredit.com ("**Website**").

## PARTIAL PAYMENTS MARKED PAYMENT IN FULL; SETTLEMENTS.

Any check or other payment you send us for less than the total outstanding balance due under this Agreement that is marked "payment in full" or with any similar language or that you otherwise tender as full satisfaction of a disputed amount must be sent to Republic Bank & Trust Company, c/o NetCredit, P.O. Box 206766, Dallas, TX 75320-6766. We may deposit any such payment without such deposit effecting a satisfaction of the disputed amount. Any settlement of your account balance for less than what is owed requires our written agreement.

## INADVERTENT OVERCHARGES.

It is not our intention to charge any interest, fees or other amounts in excess of those permitted by applicable law or this Agreement. If any interest, fee or other amount is finally determined to be in excess of that permitted by applicable law or this Agreement, the excess amount will be applied to reduce the outstanding balance due under this Agreement or, if there is no outstanding balance, will be refunded to you.

## CONTACTING YOU; PHONE AND TEXT MESSAGES; CALL RECORDING.

You authorize us and our successors and assigns and the affiliates, agents, representatives, assigns and servicers/service providers of ours and our successors and assigns (collectively, the "**Messaging Parties**") to contact you using automatic telephone dialing systems, artificial or prerecorded voice message systems, text messaging systems and automated e-mail systems in order to provide you with information about this Agreement, including information about upcoming payment due dates, missed payments and returned payments. You authorize the Messaging Parties to make such contacts using any telephone numbers (including wireless, landline and VOIP numbers) or e-mail addresses you supply to the Messaging Parties in connection with this Agreement, the Messaging Parties' servicing and/or collection of amounts you owe the Messaging Parties or any other matter.

You understand that anyone with access to your telephone or e-mail account may listen to or read the messages the Messaging Parties leave or send you, and you agree that the Messaging Parties will have no liability for anyone accessing such messages. You further understand that, when you receive a telephone call, text message or e-mail, you may incur a charge from the company that provides you with telecommunications, wireless and/or Internet services, and you agree that the Messaging Parties will have no liability for such charges. You expressly authorize the Messaging Parties to monitor and record your calls with the Messaging Parties. You agree that this authorization is part of a bargained-for exchange. To the extent you have the right under applicable law to revoke your authorization, you agree you may only do so as to text messages by replying "STOP" to a text message we send you, and as to the calls authorized above by calling customer service at (877) 392-2014.

## MILITARY LENDING ACT.

### General

The Military Lending Act provides important protections to certain members of the Armed Forces and their dependents ("Covered Borrowers") relating to extensions of consumer credit. The provisions of this section apply to Covered Borrowers. If you would like more information about whether you are a Covered Borrower and whether this section applies to you, please contact us at (877) 392-2014.

### Statement of MAPR

Federal law provides important protections to members of the Armed Forces and their dependents relating to extensions of consumer credit. In general, the cost of consumer credit to a member of the Armed Forces and his or her dependent may not exceed an Annual Percentage Rate of 36 percent. This rate must include, as applicable to the credit transaction or account: (1) the costs associated with credit insurance premiums; (2) fees for ancillary products sold in connection with the credit transaction; (3) any application fee charged (other than certain application fees for specific credit transactions or accounts); and (4) any participation fee charged (other than certain participation fees for a credit card account).

### Oral Disclosures

If you are a Covered Borrower, please call (877) 392-2014 before signing this Agreement for an oral disclosure of the statement of the military APR applicable to your Loan and a description of your payment obligation.

### Covered Borrowers Savings Clause

The provisions of this paragraph apply only to a "Covered Borrower" as that term is defined by 32 C.F.R. § 232.3(g). If any contract provision not identified herein is contrary to the rights and protections afforded to you by federal law pursuant to 10 U.S.C. § 987 and its implementing regulations, including, but not limited to 32 C.F.R. § 232.8, then the conflicting provisions or proscribed terms are inoperative, and shall have no force and effect. However, all remaining contract terms and provisions not proscribed or prohibited shall remain in full force and effect.

## MISCELLANEOUS.

The section headings used in this Agreement are for convenience of reference only and do not in any way limit or define your or our rights or obligations hereunder. Except as otherwise provided in this Agreement or as required by applicable law, we will not be responsible for any claim or defense you may have against any third party that arises out of or in connection with this Agreement.

## WAIVER OF JURY TRIAL.

Unless prohibited by applicable law, if you sign this Agreement, you waive your right to have a jury trial to resolve any dispute you may have against us or a related third party. This Waiver of Jury Trial provision does not apply to you if, at the time of entering into this Agreement, you are a resident of Arkansas or a member of the armed forces or a dependent of such a member covered by the Federal Military Lending Act.

## CLASS ACTION WAIVER.

Unless prohibited by applicable law, if you sign this Agreement, you waive your right to ask a court or an arbitrator to allow you to pursue any claims on a class action basis or in a representative capacity on behalf of the general public, other borrowers or other persons similarly situated. Furthermore, claims brought by you against us or by us against you may not be joined or consolidated with claims brought by or against someone other than you, unless otherwise agreed to in writing by all parties. For purposes of this Class Action Waiver, the terms "**we**," "**us**" and "**our**" shall also include Republic Bank & Trust Company and each of its employees, directors, officers, shareholders, governors, managers, members, parent companies, affiliated entities, successors or assignees (including but not limited to NetCredit), the servicer of your Loan (including but not limited to NetCredit) and any third party who is named as a co-defendant with us in a claim asserted by you. In the event of a conflict between this CLASS ACTION WAIVER provision and the ARBITRATION PROVISION, the ARBITRATION PROVISION shall control. This CLASS ACTION WAIVER does not apply to you if, at the time of entering into this Agreement, you are a Covered Borrower under the Military Lending Act.

## ARBITRATION PROVISION.

Arbitration is a process in which persons with a dispute(s): (a) agree to submit their dispute(s) to a neutral third person (an "**arbitrator**") for a decision; and (b) waive their rights to file a lawsuit in court to resolve their dispute(s). Each party to the dispute(s) has an opportunity to present some evidence to the arbitrator. Pre-arbitration discovery may be limited. Arbitration proceedings are private and less formal than court trials. The arbitrator will issue a final and binding decision resolving the dispute(s), which may be enforced as a court judgment. A court rarely overturns an arbitrator's decision.

**THIS ARBITRATION PROVISION APPLIES UNLESS (1) YOU HAVE EXERCISED OR EXERCISE YOUR RIGHT TO REJECT ARBITRATION OR (2) AS OF THE DATE OF THIS AGREEMENT, YOU ARE A MEMBER OF THE ARMED FORCES OR A DEPENDENT OF SUCH MEMBER COVERED BY THE FEDERAL MILITARY LENDING ACT. IF YOU WOULD LIKE MORE INFORMATION ABOUT WHETHER YOU ARE COVERED BY THE MILITARY LENDING ACT, IN WHICH CASE THIS ARBITRATION PROVISION DOES NOT APPLY TO YOU, PLEASE CONTACT US AT (877) 392-2014.**

**READ THIS ARBITRATION PROVISION CAREFULLY AS IT WILL HAVE A SUBSTANTIAL IMPACT ON HOW LEGAL CLAIMS YOU AND WE HAVE AGAINST EACH OTHER ARE RESOLVED.**

**YOU HAVE THE RIGHT TO OPT-OUT OF (NOT BE BOUND BY) THIS ARBITRATION PROVISION AS DESCRIBED BELOW. IF YOU DO NOT DO SO:**

a. **YOU ARE WAIVING YOUR RIGHT TO HAVE A JURY OR A COURT, OTHER THAN A SMALL CLAIMS COURT OR SIMILAR COURT OF LIMITED JURISDICTION, RESOLVE ANY CLAIM THAT IS SUBJECT TO ARBITRATION; and**
b. **YOU ARE WAIVING YOUR RIGHT TO SERVE AS A REPRESENTATIVE, AS A PRIVATE ATTORNEY GENERAL, OR IN ANY OTHER REPRESENTATIVE CAPACITY, AND/OR TO PARTICIPATE AS A MEMBER OF A CLASS OF CLAIMANTS, IN COURT OR IN ARBITRATION WITH RESPECT TO ANY CLAIM THAT IS SUBJECT TO ARBITRATION.**

THEREFORE, YOU ACKNOWLEDGE AND AGREE AS FOLLOWS:

### Interstate Commerce

This Arbitration Provision is made pursuant to a transaction involving interstate commerce and shall be governed by the Federal Arbitration Act ("**FAA**"), 9 U.S.C. § 1 et seq., and not by any state arbitration law.

## Scope

For purposes of this Arbitration Provision, the word "**Claim**" has the broadest possible meaning and includes, without limitation (a) all federal or state law claims, disputes or controversies, whether preexisting, present or future, arising from or relating directly or indirectly to this Agreement, the relationship between you and us, the information you gave us before entering into this Agreement, including your application, and/or any past agreement or agreements between you and us, any loan or credit product or related product or services obtained from us and any advice, recommendations, solicitations, communications, disclosures, promotions or advertisements concerning the same; (b) all initial claims, counterclaims, cross-claims and third-party claims and claims which arose before the effective date of this Arbitration Provision; (c) all common law claims based upon contract, tort, fraud, or other intentional torts; (d) all claims based upon a violation of any local, state or federal constitution, statute, ordinance or regulation, including without limitation all claims alleging unfair, deceptive or unconscionable trade practices; (e) all claims asserted by us against you, including claims for money damages to collect any sum we claim you owe us; (f) all claims asserted by you individually against us and/or any of our employees, directors, officers, shareholders, governors, managers, members, parent company or affiliated entities, or assignees (including but not limited to NetCredit) or against the servicer of your Loan (including but not limited to NetCredit) (hereinafter collectively referred to as "**related third parties**"), including claims for money damages, restitution and/or equitable or injunctive relief; (g) claims asserted by you against other persons and entities if you assert a Claim against such other persons and entities in connection with a Claim you assert against us or related third parties; and (h) all data breach or privacy claims arising from or relating directly or indirectly to the disclosure by us or related third parties of any non-public personal information about you. Notwithstanding the foregoing, the word "Claim" does not include any dispute or controversy about the validity, enforceability, coverage or scope of this Arbitration Provision or any part thereof (including, without limitation, the provision titled "Class Action Waiver" set forth below, subparts A and B of the provision titled "Binding Effect; Survival; Severability" set forth below and/or this sentence); all such disputes or controversies are for a court and not an arbitrator to decide. However, any dispute or controversy that concerns the validity or enforceability of the Agreement as a whole is for the arbitrator, not a court, to decide. In addition, this Arbitration Provision will not apply to (1) any individual action brought by you in small claims court or your state's equivalent court, unless such action is transferred, removed, or appealed to a different court; or (2) any disputes that are the subject of a class action filed in court that is pending as of the effective date of this Arbitration Provision in which you are alleged to be a member of the putative class for as long as such class action is pending.

## Class Action Waiver

**Notwithstanding any other provision of this Arbitration Provision, if either you or we elect to arbitrate a Claim, neither you nor we will have the right: (a) to participate in a class action, private attorney general action or other representative action in court or in arbitration, either as a class representative or class member, or (b) to join or consolidate Claims with Claims of any other persons. (Provided, however, that the Class Action Waiver does not apply to any lawsuit or administrative proceeding filed against us by a state or federal government agency even when such agency is seeking relief on behalf of a class of borrowers including you. This means that we will not have the right to compel arbitration of any claims brought by such an agency). An award in arbitration shall determine the rights and obligations of the named parties only, and only with respect to the Claim(s) in arbitration, and shall not (i) determine the rights, obligations, or interests of anyone other than a named party, or resolve any Claim of anyone other than a named party; nor (ii) make an award for the benefit of, or against, anyone other than a named party. No arbitration administrator or arbitrator shall have the power or authority to waive, modify, or fail to enforce this section, and any attempt to do so, whether by rule, policy, arbitration decision or otherwise, shall be invalid and unenforceable. Any challenge to the validity of this Class Action Waiver shall be determined exclusively by a court and not by the administrator or any arbitrator.**

## Electing Arbitration

A party may elect arbitration of a Claim by sending the other party written notice by certified mail return receipt requested of their intent to arbitrate and setting forth the subject of the dispute along with the relief requested. Your notice must be sent to NetCredit, Attn: General Counsel, 175 W. Jackson Blvd., Suite 1000, Chicago, IL 60604, and our notice must be sent to the most recent address for you in our files. If a lawsuit concerning the Claim has been filed, such notice can be provided by papers filed in the lawsuit, such as a motion to compel arbitration.

## Administrator

Regardless of who demands arbitration, you shall have the right to select either of the following arbitration organizations to administer the arbitration: the American Arbitration Association, 120 Broadway, Floor 21, New York, NY 10271 (1-800-778-7879), http://www.adr.org (http://www.adr.org); or JAMS, 8401 N. Central Expressway, Suite 610, Dallas, TX 75225 (1-800-352-5267), http://jamsadr.com (http://jamsadr.com). However, the parties may agree to a local arbitrator who is an attorney, retired judge, or arbitrator registered and in good standing with a bona fide arbitration association and arbitrate pursuant to the arbitrator's rules. If the AAA and JAMS are unable or unwilling to serve as administrator, or the parties are unable to agree upon another administrator, a court with jurisdiction shall determine the administrator or arbitrator. The arbitration hearing will take place at a location reasonably convenient to where you reside.

If you demand arbitration, you must inform us in your demand of the arbitration organization you have selected or whether you desire to select a local arbitrator. If related third parties or we demand arbitration, you must notify us within 20 days in writing by certified mail, return receipt requested, of your decision to select an arbitration organization or your desire to select a local arbitrator. Your notice must be sent to NetCredit, Attn: General Counsel, 175 W. Jackson Blvd., Suite 1000, Chicago, IL 60604. If you fail to notify us, then we have the right to select an arbitration organization. The arbitration will be governed by the rules and procedures of this arbitration organization applicable to individual consumer disputes. You may get a copy of the rules and procedures by contacting the arbitration organization listed above. In an event of a conflict between the provisions of the Arbitration Provision, on the one hand, and any applicable rules of the AAA or JAMS or other administrator used or any other terms of this Agreement, on the other hand, the provisions of this Arbitration Provision shall control. If a party files a lawsuit in court asserting Claim(s) that are subject to arbitration and the other party files a motion to compel arbitration with the court which is granted, it will be the responsibility of the party prosecuting the Claim(s) to select an arbitration administrator in accordance with this paragraph and commence the arbitration proceeding in accordance with the administrator's rules and procedures.

## Non-Waiver

Even if all parties have opted to litigate a Claim in court, you or we may elect arbitration with respect to any Claim made by a new party or any Claim later asserted by a party in that or any related or unrelated lawsuit (including a Claim initially asserted on an individual basis but modified to be asserted on a class, representative or multi-party basis). Nothing in that litigation shall constitute a waiver of any rights under this Arbitration Provision. For example, if we file a lawsuit against you in court to recover amounts due under the Agreement, you have the right to request arbitration, but if you do not elect to request arbitration, we reserve and do not waive the right to request arbitration of any Claim (including any counterclaim) you later assert against us in that or any related or unrelated lawsuit. This Arbitration Provision will apply to all Claims, even if the facts and circumstances giving rise to the Claims existed before the effective date of this Arbitration Provision.

## Arbitrator and Award

Any arbitrator must be a practicing attorney with ten or more years of experience or a retired judge. The arbitrator will not be bound by judicial rules of procedure or evidence that would apply in a court, nor by state or local laws that relate to arbitration proceedings. The arbitrator will apply the same statutes of limitations and privileges that a court would

apply if the matter were pending in court. The arbitrator may decide, with or without a hearing, any motion that is substantially similar to a motion to dismiss for failure to state a claim or a motion for summary judgment. In determining liability or awarding damages or other relief, the arbitrator will follow the applicable substantive law, consistent with the FAA, which would apply if the matter had been brought in court. The arbitrator may award any damages or other relief or remedies that would apply under applicable law to an individual action brought in court, including, without limitation, punitive damages (which shall be governed by the Constitutional standards employed by the courts) and injunctive, equitable and declaratory relief (but only in favor of the individual party seeking relief and only to the extent necessary to provide relief warranted by that party's individual claim). No arbitration award involving the parties will have any preclusive effect as to issues or claims in any dispute involving anyone who is not a party to the arbitration, nor will an arbitration award in prior disputes involving other parties have preclusive effect in an arbitration between the parties to this Arbitration Provision.

## Fees and Costs

At your written request, we will pay all filing, hearing and/or other fees charged by the administrator and arbitrator to you for Claim(s) asserted by you in an individual arbitration after you have paid an amount equivalent to the fee, if any, for filing such Claim(s) in state or federal court (whichever is less) in the judicial district in which you reside. (If you have already paid a filing fee for asserting the Claim(s) in court, you will not be required to pay that amount again). We will not seek reimbursement of such fees from you even if we prevail in the arbitration. In addition, the administrator may have a procedure whereby you can seek a waiver of fees charged to you by the administrator and arbitrator. We will always pay any fees or expenses that we are required to pay by law or the administrator's rules or that we are required to pay for this Arbitration Provision to be enforced. The arbitrator will have the authority to award fees and costs of attorneys, witnesses and experts to the extent permitted by this Agreement, the administrator's rules or applicable law. With respect to Claim(s) asserted by you in an individual arbitration, we will pay your reasonable attorney, witness and expert fees and costs if and to the extent you prevail, if applicable law requires us to or if we must bear such fees and costs in order for this Arbitration Provision to be enforced. At the timely request of either party, the arbitrator shall write a brief explanation of the grounds for the decision.

## Appeal

The arbitrator's award shall be final and binding on all parties, except for any right of appeal provided by the FAA. However, if the amount in controversy exceeds $50,000, and if permitted by the Administrator's rules, you or we can, within 14 days after the entry of the award by the arbitrator, appeal the award to a three-arbitrator panel administered by the Administrator. The panel shall reconsider anew any aspect of the initial award requested by the appealing party. The decision of the panel shall be by majority vote. Reference in this Arbitration Provision to "the arbitrator" shall mean the panel if an appeal of the arbitrator's decision has been taken. The costs of such an appeal will be borne in accordance with the paragraph above titled "Fees and Costs." Any final decision of the appeal is subject to judicial review only as provided under the FAA. A judgment on the award may be entered by any court having jurisdiction.

## Notice and Cure; Special Payment

Prior to initiating a Claim, you may send us a written Claim Notice. In order for a Claim Notice to be valid and effective, it must: (a) state your name, address and loan number; (b) be signed by you; (c) describe the basis of your Claim and the amount you would accept to resolve the Claim; (d) state that you are exercising your rights under the "Notice and Cure" paragraph of the Arbitration Provision; and (e) be sent to us by certified mail, return receipt requested, at NetCredit, Attn: General Counsel, 175 W. Jackson Blvd., Suite 1000, Chicago, IL 60604. This is the sole and only method by which you can submit a Claim Notice. Upon receipt of a Claim Notice, we will credit you for the standard cost of a certified letter. You must give us a reasonable opportunity, not less than 30 days, to resolve the Claim. If, and only if, (i) you submit a Claim Notice in accordance with this paragraph on your own behalf (and not on behalf of any other party); (ii) you cooperate with us by promptly providing the information we reasonably request; (iii) we refuse to provide you with the relief you request before an arbitrator is appointed; and (iv) the matter then proceeds to arbitration

and the arbitrator subsequently determines that you were entitled to such relief (or greater relief), you will be entitled to a minimum award of at least $7,500 (not including any arbitration fees and attorneys' fees and costs to which you will also be entitled). We encourage you to address all Claims you have in a single Claim Notice and/or a single arbitration. Accordingly, this $7,500 minimum award is a single award that applies to all Claims you have asserted or could have asserted in the arbitration, and multiple awards of $7,500 are not contemplated.

## Binding Effect; Survival; Severability

This Arbitration Provision is binding upon and benefits you, your respective heirs, successors and assigns. The Arbitration Provision is binding upon and benefits us, our successors and assigns, and related third parties. The Arbitration Provision shall survive any bankruptcy to the extent consistent with applicable bankruptcy law. The Arbitration Provision survives any termination, amendment, expiration or performance of this Agreement and any transaction between you and us and continues in full force and effect unless you and we otherwise agree in writing. If any part of this Arbitration Provision is deemed or found to be unenforceable for any reason, the remainder shall be enforceable, except as follows:

A. The parties to this Arbitration Provision acknowledge that the provision titled "Class Action Waiver" is material and essential to the arbitration of any disputes between the parties and is non-severable from this Arbitration Provision. If the Class Action Waiver is limited, voided or found unenforceable, then the parties' Arbitration Provision (except for this sentence) shall be null and void with respect to such proceeding, subject to the right to appeal the limitation or invalidation of the Class Action Waiver. The parties acknowledge and agree that under no circumstances will a class action be arbitrated.
B. If a Claim is brought seeking public injunctive relief and a court determines that the restrictions in the provision titled "Class Action Waiver" prohibiting the arbitrator from awarding relief on behalf of third parties are unenforceable with respect to such Claim (and that determination becomes final after all appeals have been exhausted), the Claim for public injunctive relief will be determined in court and any individual Claims seeking monetary relief will be arbitrated. In such a case the parties will request that the court stay the Claim for public injunctive relief until the arbitration award pertaining to individual relief has been entered in court. In no event will a Claim for public injunctive relief be arbitrated.

## Opt-Out Process

You may choose to opt out of this Arbitration Provision but only by following the process set forth below. If you do not wish to be subject to this Arbitration Provision, then you must notify us in writing postmarked within sixty (60) calendar days of the date of this Agreement at the following address: NetCredit, Attn: General Counsel, 175 W. Jackson Blvd., Suite 1000, Chicago, IL 60604. Your notice must be sent to us by certified mail, return receipt requested. Upon receipt of an Opt-Out Notice, we will credit you for the standard cost of a certified letter. Your Opt-Out Notice must include your name, address, Social Security number, the date of this Agreement, a statement that you wish to opt out of the Arbitration Provision and must not be sent with any other correspondence. Indicating your desire to opt out of this Arbitration Provision will not affect your other rights or responsibilities under this Agreement and applies only to this Arbitration Provision between you and us.

## REASONABLE ACCOMMODATION.

Individuals with disabilities who require an accommodation to access our products or services should contact us via email at support@netcredit.com; by telephone at (877) 392-2014; or by mail at Republic Bank & Trust Company, c/o NetCredit, Attn: General Counsel, 175 W. Jackson Blvd., Suite 1000, Chicago, IL 60604. Please note that we may need advance notice to provide certain accommodations.

**IMPORTANT NOTICES.**

## All Borrowers

You agree that we may obtain your credit report in connection with any transaction, or extension of credit, and on an ongoing basis, for the purpose of reviewing this Agreement, taking collection action on this Agreement, or for any other legitimate purposes associated with this Agreement. Upon your request, you will be informed of whether or not a consumer credit report was ordered, and if it was, you will be given the name and address of the consumer reporting agency that furnished the report. **As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.**

## All Borrowers

**ORAL AGREEMENTS OR ORAL COMMITMENTS TO LOAN MONEY, EXTEND CREDIT, OR TO FORBEAR FROM ENFORCING REPAYMENT OF A DEBT MAY NOT BE ENFORCEABLE UNDER THE APPLICABLE LAW OF THE STATE WHERE YOU RESIDE. TO PROTECT YOU (AS THE BORROWER) AND US (AS THE LENDER) FROM MISUNDERSTANDING OR DISAPPOINTMENT, YOU (AS BORROWER) AND WE (AS LENDER) ACKNOWLEDGE AND AGREE THAT THERE ARE NO UNWRITTEN OR ORAL AGREEMENTS BETWEEN YOU AND US; (2) THAT THIS WRITTEN AGREEMENT IS A FINAL EXPRESSION OF THE AGREEMENT BETWEEN YOU AND US; AND (3) THAT THIS AGREEMENT MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THE TERMS OF THIS AGREEMENT MAY NOT BE CHANGED EXCEPT IN A WRITING SIGNED BY YOU AND US. NO CHANGE SHALL RELEASE ANY PARTY FROM LIABILITY UNLESS OTHERWISE EXPRESSLY STATED IN WRITING.**

**ALL OF OUR RIGHTS ARE CUMULATIVE. IF WE APPROVE THIS AGREEMENT, THEN YOU AGREE THAT THIS AGREEMENT WILL BE BINDING AND ENFORCEABLE AS TO BOTH PARTIES.**

## Florida Residents

Florida documentary stamp tax required by law in the amount of $0.00 has been paid or will be paid directly by us to the Department of Revenue. Certificate of Registration No. 61-8000075542-6.

## Minnesota, Nebraska, Ohio, Oklahoma and Wyoming Residents

No provision(s) in this Agreement providing for the payment of attorneys' fees, court costs or collection costs by you shall apply.

## New Jersey Residents

(1) The section headings of the Agreement are a table of contents and not contract terms. (2) You agree to pay our reasonable attorney's fees, up to 20% of outstanding principal and interest, paid in the collection of this Account to an attorney who is not our employee. (3) Provisions of this Agreement that refer to acts or practices that apply as permitted by, or except as prohibited by, applicable law are applicable to New Jersey residents only to the extent that such acts or practices are permitted by New Jersey or Federal law.

## Ohio Residents

Ohio laws against discrimination require that all creditors make credit equally available to all creditworthy customers and that credit reporting agencies maintain separate credit histories on each individual upon request. The Ohio Civil Rights Commission administers compliance with this law.

# ELECTRONIC SIGNATURES AND CONSENTS.

By clicking the "I AGREE" button below and providing any additional information as may be requested below, you understand and acknowledge that you are taking the following three (3) separate actions:

## 1. PAYMENT AUTHORIZATION

By typing in the last four digits of your Social Security Number and clicking the "I Agree" button below, you are electronically signing the Payment Authorization, and you certify that you have fully read and understood the sections of this Agreement titled "PAYMENT AUTHORIZATION" and "ELECTRONIC FUND TRANSFER AUTHORIZATION FOR YOUR LOAN PROCEEDS", you agree to comply with, and be bound by, their terms, and you agree and understand that you are authorizing us to credit your Deposit Account with the proceeds of your Loan and to debit the Deposit Account for the amounts owed under this Agreement as set forth in those sections.

Enter the last 4 digits of your

Social Security Number



Please note that we separately authenticate the above electronic signature when you click the "I Agree" button below

## 2. AGREEMENT TO INSTALLMENT LOAN AGREEMENT

By entering your name and Social Security Number and clicking the "I AGREE" button below, you are electronically signing this Agreement and acknowledging that (a) you understand that Republic Bank & Trust Company is your Lender under the above Agreement; (b) the Agreement was completed before you signed it, there are no blank spaces, and that you have reviewed the entire Agreement, including the FEDERAL TRUTH-IN-LENDING ACT DISCLOSURES; (c) you have reviewed and agree to Republic Bank & Trust Company's PRIVACY NOTICE (/republic_bancorp_privacy_policy.pdf) and NetCredit's PRIVACY POLICY (https://www.netcredit.com/privacy-policy) and TERMS OF USE (https://www.netcredit.com/terms-of-use); (d) you acknowledge that your right to file suit against us for any claim or dispute regarding this Agreement is limited by the WAIVER OF JURY TRIAL, CLASS ACTION WAIVER and ARBITRATION PROVISION sections of this Agreement, if applicable; (e) you represent that you are not a debtor under any proceeding in bankruptcy and have no intention to file a petition for relief under any chapter of the United States Bankruptcy Code; and (f) you acknowledge that you have read and understood all of the terms of this Agreement (including the provisions mentioned above), and you agree to comply with, and be bound by, all of the terms of this Agreement.

Please note that when you click the "I Agree" button below, we authenticate your electronic signature and we also separately authenticate your electronic signature for the PAYMENT AUTHORIZATION that you separately and voluntarily entered above.

YOU SHOULD PRINT AND RETAIN A COPY OF THIS AGREEMENT FOR YOUR RECORDS. AN ELECTRONIC COPY WILL BE MAINTAINED ON THIS WEBSITE IN YOUR PASSWORD PROTECTED CUSTOMER HISTORY.

Any comments or questions may be directed to our Customer Comment Line at the following toll-free number: (877) 392-2014 or via e-mail to support@netcredit.com (mailto:support@netcredit.com).

## 3. CONSENT TO ELECTRONIC SIGNATURES

By clicking the "I AGREE" button below, you have consented to sign this Agreement using an electronic signature, you intend: (i) your electronic signature to be an electronic signature under applicable federal and state law; (ii) any printout of an electronic record of this Agreement and related notices to be an original document; (iii) to conduct business with Lender by electronic records and electronic signatures; and (iv) this Agreement will not be governed by Article 3 of the Uniform Commercial Code.

**NOTICE TO BORROWER**

**(a) DO NOT SIGN THIS AGREEMENT BEFORE YOU READ THE WRITING ABOVE, EVEN IF OTHERWISE ADVISED.**

**(b) DO NOT SIGN THIS AGREEMENT IF IT CONTAINS ANY BLANK SPACES.**

**CAUTION—IT IS IMPORTANT THAT YOU THOROUGHLY READ THE AGREEMENT BEFORE YOU SIGN IT.**

**(c) YOU ARE ENTITLED TO AN EXACT COPY OF ANY AGREEMENT YOU SIGN.**

**(d) YOU HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE REMAINING BALANCE DUE UNDER THIS AGREEMENT WITHOUT PENALTY.**

**BY CLICKING "I AGREE" BELOW, YOU UNDERSTAND AND AGREE THAT WE WILL OBTAIN YOUR CREDIT REPORT, WHICH MAY IMPACT YOUR CREDIT SCORE.**

```
Signature block:

Signed At:
        03:57 AM on June 30, 2022

Connected From:
        68.192.43.149

Signed By:
        Mary Connolly xxx-xx-████

Signed As:
        Mary Connolly xxx-xx-████

Contract: {SHA} aedfd1347575eb3ade6bdd99707ce359fa2fac54
ACH Authorization: {SHA} 0ede21c5955fb9c61585b86fe4e208effb4de119
```

```
Republic Bank Signature Block:

Signed at: 10:15 AM on June 30, 2022

Signed by: Republic Bank & Trust Company

Republic Bank: {SHA} 5ad22f95e82be15427723950ac98271c26900d95
```

**EXHIBIT 4**

# BERNARDSVILLE POLICE     INVESTIGATION REPORT

**166 MINE BROOK ROAD**                                  Municipal Code: 1803

**908-766-0037**                                                 ORI: NJ0180300

**BERNARDSVILLE, NJ 07924**

| DEPARTMENT CASE NUMBER | MUN. CODE | PHONE NUMBER | UCR | DEPARTMENT ARREST NUMBER | |
|---|---|---|---|---|---|
| I-2022-011272 | 1803 | 908-■■■ | | | |

| CRIME/INCIDENT | NJS | VICTIM NAME(Last Name, First Name, MI) | DOB |
|---|---|---|---|
| SUSPICIOUS ACTIVITY | SUSP | CONNOLLY, MARY A | ■■■ |

| SSN NO. | AGE | SEX | RACE | ETHNICITY |
|---|---|---|---|---|
| ■■■ | 4■ | F | W | N |

| | BETWEEN | HOUR | MONTH | DAY | YEAR | VICTIM'S HOME ADDRESS | PHONE |
|---|---|---|---|---|---|---|---|
| DATE AND TIME | ☐ | 00:00 | 07 | 03 | 2022 | ■■■, BERNARDSVILLE NJ 07924-2708 | 973-■■■ |
| | | 00:00 | 07 | 23 | 2022 | | |

| CRIME/INCIDENT LOCATION | EMPLOYER | PHONE |
|---|---|---|
| BERNARDSVILLE POLICE DEPARTMENT - 7 LIBERTY ROAD, BERNARDSVILLE NJ 07924 | | |

| MUNICIPALITY | COUNTY | CODE | PERSON REPORTING CRIME | DATE AND TIME |
|---|---|---|---|---|
| BERNARDSVILLE BORO | SOMERSET` | 1803 | CONNOLLY, MARY A | 07/18/2022 14:44 |

| TYPE OF PREMISES | WEAPONS - TOOLS | ADDRESS | PHONE |
|---|---|---|---|
| Dwelling | | ■■■, BERNARDSVILLE NJ 07924-2708 | 973-■■■ |

| MODUS OPERANDI |
|---|
| SEE NARRATIVE |

| VEHICLE | YEAR | MAKE | MODEL | BODY TYPE | COLOR | REG. PLATE -STATE | VIN | VEHICLE VALUE |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

| VALUE STOLEN PROPERTY | CURRENCY | JEWELRY | FURS | CLOTHING | AUTO | MISC. |
|---|---|---|---|---|---|---|
| | | | | | | |

| TOTAL VALUE STOLEN | TOTAL VALUE RECOVERED | TELETYPE ALARM | TECHNICAL SERVICES | TECHNICAL AGENCY |
|---|---|---|---|---|
| $0.00 | | | | |

| WEATHER | SIC | NIC | ASSISTING AGENCIES |
|---|---|---|---|
| | | | |

| NO. OF ACCUSED | ADULT | JUVENILE | STATUS CRIME | STATUS CASE | UCR STATUS | DATE CLEARED |
|---|---|---|---|---|---|---|
| 1 | 1 | | | | 7/2022 | |

**NARRATIVE**

```
****************** PARTIES INVOLVED ******************
ROLE: Accused | NAME: CONNOLLY, MATTHEW C | HOME ADDRESS: ■■■, BERNARDSVILLE NJ 07924 | HOME ALT.
PHONE: 203-858-1298 | SEX: M | DOB: ■■■ | AGE: ■■ | RACE: WHITE | ETHNICITY: NON-HISPANIC | HEIGHT: 0'
0" | WEIGHT: 201 | DL#: ■■■ | DL EXP: ■■■ | DL STATE: NJ
```

ON 7/18/2022 AT APPROXIMATELY 1444HRS, I RESPONDED TO POLICE HEADQUARTERS IN REGARDS TO A RESIDENT IN THE LOBBY WHO REQUESTED TO SPEAK TO AN OFFICER.  UPON ARRIVAL, I MET WITH MS. MARYANN CONNOLLY, WHO STATED THAT SHE BELIEVES HER HUSBAND, MR. MATTHEW CONNOLLY HAS TAKEN OUT MULTIPLE LOANS OUT IN HER NAME.

MS. CONNOLLY TOLD ME THAT SHE CHECKED HER CREDIT HISTORY ON 07/16/2022 AND NOTICED THAT MULTIPLE LOANS HAVE BEEN TAKEN OUT UNDER HER NAME TOTALLING $17,000 (SEE ATTACHED DOCUMENTS).  MS. CONNOLLY ALSO STATED SHE RECEIVED MULTIPLE LETTERS FROM THE BANK ADDRESSED TO HER, REGARDING THE STATUS OF THESE LOANS, WHICH IS CURRENTLY AFFECTING HER CREDIT SCORE.

I ASKED MS. CONNOLLY IF SHE COULD PROVIDE ME FURTHER DOCUMENTATION AND STATED SHE WILL SEND ME FURTHER INFORMATION REGARDING THE INCIDENT VIA EMAIL.  A SUPPLEMENTAL REPORT WILL BE CREATED WHEN THE ADDITIONAL DOCUMENTATION IS RECEIVED.

THE INCIDENT DESCRIBED IN THIS REPORT WAS ELECTRONICALLY RECORDED BY A BWC.

| NAME | | DATE OF REPORT | REVIEWED BY | SIGNATURE |
|---|---|---|---|---|
| PATROLMAN SCHWARTZ, TYLER | 181 | 07/18/2022 | SERGEANT RICHARD, TIMOTHY 164 G. | |

BERNARDSVILLE POLICE                                    SUPPLEMENTARY INVESTIGATION REPORT

| 1.Complaint Number | 2. Mun. Code | 3. Phone Number | 4. UCR | 21. Prosecutor's Case Number | 22. Department Case Number |
|---|---|---|---|---|---|
| I-2022-011272 | 1803 | 908-766-0037 | | | |

| 5.Crime/Incident | 5A. New Crime/Incident if Changed | 23. Victim(s) New Address if Changed |
|---|---|---|
| 169 - SUSPICIOUS ACTS/PERSON/VEHICLE | | ▓▓▓▓▓▓▓▓  BERNARDSVILLE NJ, 07924-2708 |

23a. Victim(s) Name

CONNOLLY, MARY A

| 6A. New NJS | 7. Date of Crime | Additional Value Stolen Property | 40A. Currency | 41A. Jewelry | 42A. Furs |
|---|---|---|---|---|---|
| | 07/18/2022 | | $0.00 | $0.00 | $0.00 |

| | 43A. Clothing | 44A. Auto | Miscellaneous |
|---|---|---|---|
| | $0.00 | $0.00 | $0.00 |

| 46A. S.C.I.C | 49A. Additional Technical Service-Agency | 48A. Additional Stolen Property Value | 47A. Add'l Recovered Property |
|---|---|---|---|
| | | $0.00 | $0.00 |

| 51A. B.C. Radio | 52A. B.C. Radio Cancel | 53A. N.C.I.C. |
|---|---|---|
| | | |

| 57. Model | 58. Year | 59. Make | 60. Body Type | 61. Color | 62. Registration Number & State | 62A. Serial Number or Identification |
|---|---|---|---|---|---|---|
| | | | | | | |

List Name Only of Previous Accused. Complete Information on New Accused; Include Additional Perpetrators: Suspects: Record all Developments Since Last Report: Explain Any Crime Change; List Additional Interviews of Victims: Persons Contacted: Witnesses: Evidence; Technical Services, Stolen Property: Recovered Property; Court Action.

| 63. No. of Accused | 63A. New Accused | 64A. Adult | 65A. Juvenile | 66A. Status Crime | 67A. Status Case | 68A. UCR Status Month Yr. | 69A. Date Cleared |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| 70. Name | Address | 71. Age | 72. Sex | 73. Race | 74. DOB |
|---|---|---|---|---|---|
| | | | | | |

```
******************* PARTIES INVOLVED ********************
ROLE: INVOLVED | NAME: UPGRADE INC | WORK ADDRESS: 2 NORTH CENTRAL AVE FLOOR 10, PHOENIX AZ 85004 | WORK
PHONE: 833-211-5227 | HEIGHT: 0' 0"

ROLE: INVOLVED | NAME: UPSTART NETWORK INC | WORK ADDRESS:  PO BOX 61203, PALO ALTO CA 94306 | WORK PHONE:
855-438-8778 | HEIGHT: 0' 0"

ROLE: INVOLVED | NAME: CAPITAL ONE | WORK ADDRESS:  PO BOX 31293, SALT LAKE CITY UT 84131 | WORK PHONE:
800-955-7070 | HEIGHT: 0' 0"

ROLE: INVOLVED | NAME: REPUBLIC BANK NET CREDIT | WORK ADDRESS: 175 WEST JACKSON BLVD, CHICAGO IL 60604 |
WORK PHONE: 877-392-2014 | HEIGHT: 0' 0"
```

ON APRIL 24TH, 2023 AT APPROXIMATELY 0046HRS, PTL ARCHIBALD AND I RESPONDED TO HEADQUARTERS FOR A FOLLOW UP TO A FRAUD INCIDENT. UPON ARRIVAL, WE WERE GREETED BY MARY CONNOLLY. MS. CONNOLLY STATED SHE WOULD LIKE TO ADDITIONALLY REPORT THE NAMES AND TOTALS OF THE ACCOUNTS THAT WERE OPENED, WHICH INCLUDE  2 CAPITAL ONE CREDIT CARD ACCOUNTS, AN UPGRADE INC ACCOUNT FOR $4,000, AN UPSTART NETWORK INCORPORATED ACCOUNT FOR $7,500, AND A REPUBLIC BANK NET CREDIT ACCOUNT FOR $8,500.

DOCUMENTS VERIFYING THIS INFORMATION HAVE BEEN PREVIOUSLY PROVIDED BY MS. CONNOLLY IN THE INITIAL INVESTIGATION REPORT (SEE ATTACHED DOCUMENTS).

THE INCIDENT DESCRIBED IN THIS REPORT WAS ELECTRONICALLY RECORDED BY A BWC.

| 75A. Name  OFFICER SCHWARTZ, TYLER                181 | 78A. Date Report | 79A. Reviewed By |
|---|---|---|
| Signature _____ | 04/24/2023 | OFFICER LUCKENBACH, CHRIST |

Page    1 Of 1

**EXHIBIT 5**

FEDERAL TRADE COMMISSION

# Identity Theft Report

FTC Report Number:
150268616

I am a victim of Identity theft. This is my official statement about the crime.

## Contact Information

| First Name: | Middle Name: | Last Name: |
|---|---|---|
| Mary | A | Connolly |
| **Address:** | **Phone:** | **Email:** |
| ████████ <br> Bernardsville , NJ 07924 <br> USA | 973-████ | ████████ |

## Personal Statement

I am aware of the number 203-858-1298 that is not my phone number. I never received a text from a one time SMS passcode from Upgrade. I did not authorize any of these credit cards or loans in my name. I am not responsible for any of these and want them removed from my name as my credit score has been negatively impacted by all of these fraudulent accounts. I have additional credit cards to report such as Petal Card which was opened July 15, 2021.

## Accounts Affected by the Crime

| Credit Card Opened by the Thief | | |
|---|---|---|
| Company or Organization: | Upstart | |
| Account Number: | ██████ | |
| **Date fraud began:** | **Date that I discovered it:** | **Total fraudulent amount:** |
| 2/2022 | 7/2022 | $ 7500 |

| Credit Card Opened by the Thief | | |
|---|---|---|
| Company or Organization: | NetCredit | |
| Account Number: | ██████ | |
| **Date fraud began:** | **Date that I discovered it:** | **Total fraudulent amount:** |
| 6/2022 | 7/2022 | $ 8500 |

| Credit Card Opened by the Thief | | |
|---|---|---|
| Company or Organization: | Upgrade | |
| **Date fraud began:** | **Date that I discovered it:** | **Total fraudulent amount:** |
| 3/2022 | 7/2022 | $ 4000 |

| Credit Card Opened by the Thief | | |
|---|---|---|
| Company or Organization: | Capital One | |
| **Date fraud began:** | **Date that I discovered it:** | **Total fraudulent amount:** |
| 12/2018 | 7/2022 | $ 2500 |

| Credit Card Opened by the Thief | | |
|---|---|---|
| Company or Organization: | Capital | |
| Date fraud began: | Date that I discovered it: | Total fraudulent amount: |
| 10/2019 | 7/2022 | $ 3000 |

### Fraudulent Information on Credit Reports

| Accounts or Charges | Yes, fraudulent accounts or charges appear on my credit report |
|---|---|
| Credit Inquiries | Experian |

### Suspect Information

| Name | Matthew Charles Connolly |
|---|---|
| Contact Information | **Address:** [redacted] Bernardsville NJ 07924 USA<br>**Email Address:** [redacted]<br>**Phone Number:** 203-858-1298 |
| Relationship | Other |
| Additional Details | My husband opened credit cards and loans in my name and without my consent authorization or knowledge. |

**Under penalty of perjury, I declare this information is true and correct to the best of my knowledge.**

I understand that knowingly making any false statements to the government may violate federal, state, or local criminal statutes, and may result in a fine, imprisonment, or both.

| **Mary A Connolly** | **8/6/2022** |
|---|---|
| Mary A Connolly | Date |

Use this form to prove to businesses and credit bureaus that you have submitted an FTC Identity Theft Report to law enforcement. Some businesses might request that you also file a report with your local police.

**EXHIBIT 6**

August 6, 2022


Customer Support Team
NetCredit
175 W. Jackson Blvd., Suite 1000
Chicago, IL 60604

Account Number: ██████200

To Whom it May Concern,

Please find the attached documents in in regards to the allegations of identity theft and the loan taken out with NetCredit:

- Identity Theft Report
- Police Report
- Copy of Driver's License
  - Please note the current photo license has not yet been received by me.  Kindly accept the expired license and the paper temporary license as proof. If you require a copy of the current license, you can reach out to me so I can send to you.


If you have any questions or need other information you can reach out to me at mary_annconnolly@yahoo.com or 973-███-██56.

Thank you,

Mary Ann Connolly

Leo W. Desmond, Esq.
Attorney ID Number: 013191994
DESMOND LAW P.A.
385 Route 24, Suite 3H
Chester, New Jersey 07930
(908) 955-7906
(908) 470-8579 (fax)
lwd@desmondlaw.com

*Attorney for Plaintiff*

---

| | |
|---|---|
| MARY ANN CONNOLLY,<br><br>     Plaintiff,<br><br>     v.<br><br>NETCREDIT LOAN SERVICES, LLC, and REPUBLIC BANK & TRUST COMPANY,<br><br>     Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MORRIS COUNTY<br><br>Docket No.<br><br>CIVIL ACTION<br><br>**COMPLAINT AND JURY DEMAND** |

---

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or

motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529).  If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov.

Dated February 23, 2024                    */s/ Michelle M. Smith*
                                           Michelle M. Smith
                                           Clerk of the Superior Court of New Jersey

Name of Defendant to be served:           NETCREDIT LOAN SERVICES, LLC

Address of Defendant to be served:        CT CORPORATION SYSTEM (Registered Agent)
                                          820 Bear Tavern Road, West Trenton, NJ 08628

Leo W. Desmond, Esq.
Attorney ID Number: 013191994
DESMOND LAW P.A.
385 Route 24, Suite 3H
Chester, New Jersey 07930
(908) 955-7906
(908) 470-8579 (fax)
lwd@desmondlaw.com

*Attorney for Plaintiff*

_____

| | |
|---|---|
| MARY ANN CONNOLLY, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: MORRIS COUNTY |
| Plaintiff, | |
| | Docket No. |
| v. | CIVIL ACTION |
| NETCREDIT LOAN SERVICES, LLC, and REPUBLIC BANK & TRUST COMPANY, | **COMPLAINT AND JURY DEMAND** |
| Defendants. | |

_____

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or

motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529).  If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov.

Dated February 23, 2024                    */s/ Michelle M. Smith*
                                           Michelle M. Smith
                                           Clerk of the Superior Court of New Jersey

Name of Defendant to be served:           Republic Bank & Trust Company

Address of Defendant to be served:        Christy A. Ames (Registered Agent)
                                          601 W. Market Street, Louisville, KY 40202

# Civil Case Information Statement

## Case Details: MORRIS | Civil Part Docket# L-000378-24

**Case Caption:** CONNOLLY MARY  VS NETCREDIT LOAN SERVI CES, LLC

**Case Initiation Date:** 02/23/2024

**Attorney Name:** LEO WASSNER DESMOND

**Firm Name:** DESMOND LAW P.A.

**Address:** 385 ROUTE 24 STE 3H

CHESTER NJ 07930

**Phone:** 9089557906

**Name of Party:** PLAINTIFF : Connolly, Mary Ann

**Name of Defendant's Primary Insurance Company**

(if known): Unknown

**Case Type:** TORT-OTHER

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 12 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Mary Ann Connolly?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Business

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO
**Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

02/23/2024
Dated

/s/ LEO WASSNER DESMOND
Signed

# Exhibit 2

8

MARY ANN CONNOLLY

**Plaintiff**

vs

NETCREDIT LOAN SERVICES LLC, ET AL

**Defendant**

20240226112147

Superior Court Of New Jersey

MORRIS  Venue

Docket Number: MRS L 378 24

**Person to be served** (Name and Address):
NETCREDIT LOAN SERVICES LLC,
820 BEAR TAVERN ROAD
WEST TRENTON  NJ  08628
**By serving:** CT CORPORATION SYSTEM (REGISTERED AGENT)

**Attorney:** LEO W. DESMOND, ESQ.

**Papers Served:** SUMMONS AND COMPLAINT, TRACK ASSIGNMENT
NOTICE, CERTIFICATION, EXHIBITS

# AFFIDAVIT OF SERVICE
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ _____.____

**Service Data:**   [X] Served Successfully   [ ] Not Served

 Date/Time:   2/26/2024 12:57 PM____   _____

[ ] Delivered a copy to him/her personally

[ ] Left a copy with a competent household member over 14 years of age residing therein (indicate name & relationship at right)

[X] Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc. (indicate name & official title at right)

 Name of Person Served and relationship/title:

SCOTT KUNTZ_____

PERSON AUTHORIZED TO ACCEPT SERVICE

**Description of Person Accepting Service:**

SEX:M___  AGE: 36-50_  HEIGHT: 5'9"-6'0"____   WEIGHT: 161-200 LBS.____  SKIN:WHITE_____   HAIR:BROWN___ OTHER:_____

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant
[ ] No response on:       Date/Time: _____
                         Date/Time: _____
                         Date/Time: _____

Other:

**Served Data:**
Subscribed and Sworn to me this

 26th day of February, 2024_

Notary Signature_____

Rosemary Ramos            September 25th, 2028
Name of Notary            My Commission Expires



I, JANE NUNN,
was at the time of service a competent adult, over the age of 18 and not having direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

_____   02/26/2024__
Signature of Process Server        Date

Name of Private Server: JANE NUNN  Address: 2009 Morris Avenue UNION, NJ 07083  Phone: (800) 672-1952

# Exhibit 3

MORRIS COUNTY SUPERIOR COURT
PO BOX 910
MORRISTOWN        NJ 07963


                          TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (862) 397-5700
COURT HOURS  8:30 AM - 4:30 PM


                    DATE:    FEBRUARY 23, 2024
                    RE:      CONNOLLY MARY  VS NETCREDIT LOAN SERVI CES, LLC
                    DOCKET: MRS L -000378 24


     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.


     DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.


     THE PRETRIAL JUDGE ASSIGNED IS:  HON DAVID H. IRONSON


      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      001
AT:  (862) 397-5700 EXT 75351.


     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:
                              ATT: LEO W. DESMOND
                              DESMOND LAW P.A.
                              385 ROUTE 24
                              STE 3H
                              CHESTER        NJ 07930


ECOURTS

# Exhibit 4

## Case Summary

**Case Number:** MRS L-000378-24

**Case Caption:** Connolly Mary  Vs Netcredit Loan Servi Ces, Llc

| | | |
|---|---|---|
| **Court:** Civil Part | **Venue:** Morris | **Case Initiation Date:** 02/23/2024 |
| **Case Type:** Tort-Other | **Case Status:** Active | **Jury Demand:** 12 Jurors |
| **Case Track:** 2 | **Judge:** David H Ironson | **Team:** 1 |
| **Original Discovery End Date:** | **Current Discovery End Date:** | **# of DED Extensions:** 0 |
| **Original Arbitration Date:** | **Current Arbitration Date:** | **# of Arb Adjournments:** 0 |
| **Original Trial Date:** | **Current Trial Date:** | **# of Trial Date Adjournments:** 0 |
| **Disposition Date:** | **Case Disposition:** Open | **Statewide Lien:** |

### Plaintiffs
### Mary A Connolly

| | | |
|---|---|---|
| **Party Description:** Individual | | **Attorney Name:** Leo Wassner Desmond |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** 013191994 |
| **City:** | **State:** NJ | **Zip:** 00000 | **Phone:** |

**Attorney Email:** LWD@DESMONDLAW.COM

### Defendants
### Netcredit Loan Services, Llc

| | | |
|---|---|---|
| **Party Description:** Business | | **Attorney Name:** |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** |
| **City:** | **State:** NJ | **Zip:** 00000 | **Phone:** |

**Attorney Email:**

### Republic Bank & Trust Company

| | | |
|---|---|---|
| **Party Description:** Business | | **Attorney Name:** |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** |
| **City:** | **State:** KY | **Zip:** 00000 | **Phone:** |

**Attorney Email:**

### Case Actions

| Filed Date | Docket Text | Transaction ID | Entry Date |
|---|---|---|---|
| 02/23/2024 | Complaint with Jury Demand for MRS-L-000378-24 submitted by DESMOND, LEO WASSNER, DESMOND LAW P.A. on behalf of MARY ANN CONNOLLY against NETCREDIT LOAN SERVICES, LLC, REPUBLIC BANK & TRUST COMPANY | LCV2024479697 | 02/23/2024 |
| 02/24/2024 | TRACK ASSIGNMENT Notice submitted by Case Management | LCV2024492038 | 02/24/2024 |
| 02/28/2024 | AFFIDAVIT OF SERVICE submitted by DESMOND, LEO, WASSNER of DESMOND LAW P.A. on behalf of MARY A CONNOLLY against NETCREDIT LOAN SERVICES, LLC | LCV2024531098 | 02/28/2024 |

# Exhibit 5

# Exhibit 5

Jordan L. Meyer, Esq. (ID No. 375302021)
BALLARD SPAHR LLP
700 East Gate Drive, Suite 330
Mt. Laurel, NJ  08054
T: 856.761.3400
meyerjl@ballardspahr.com

*Attorney for Defendants*
*NetCredit Loan Services, LLC and*
*Republic Bank & Trust Co.*

| | |
|---|---|
| Mary Ann Connolly,<br><br>               Plaintiff,<br><br>     v.<br><br> NetCredit Loan Services, LLC, and<br> Republic Bank & Trust Company,<br><br>               Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MORRIS COUNTY<br><br>Docket No. MRS-L000378-24<br><br>**Civil Action**<br><br>**NOTICE THAT ACTION HAS BEEN<br>REMOVED (28 U.S.C. §1446(d))** |

To:  Clerk of the Court
      Morris County Clerk's Office
     Administration & Records Building
     10 Court Street, 1st Floor
     Morristown, NJ 07960

**PLEASE TAKE NOTICE** that Defendants, NetCredit Loan Services, LLC and Republic Bank & Trust Company (the "Defendants"), have, pursuant to federal law, filed a Notice of Removal of this action with the United States District Court for the District of New Jersey. Pursuant to 28 U.S.C. §1446(d), this court is respectfully requested to proceed no further in this action, unless the action is remanded by the United States District Court.

**PLEASE TAKE FURTHER NOTICE** that a copy of the Notice of

Removal filed in the Office of the Clerk of the United States District Court for the

District of New Jersey, dated March 27, 2024, is attached as Exhibit A. A copy of

this Notice has also been given to all of the other parties in this action.

**PLEASE TAKE FURTHER NOTICE** that this action was removed to the

United States District Court under the authority of 28 U.S.C. §§ 1441, 1446.


Dated: March 27, 2024                    *s/ Jordan Meyer*
                                         Jordan L. Meyer, Esq. (ID No. 375302021)
                                         BALLARD SPAHR LLP
                                         700 East Gate Drive, Suite 330
                                         Mt. Laurel, NJ  08054
                                         T: 856.761.3400
                                         meyerjl@ballardspahr.com

                                         *Attorney for Defendants NetCredit Loan*
                                         *Services, LLC and Republic Bank & Trust Co.*

2

**Certificate of Service**

I, Jordan Meyer, hereby certify that, on the date set forth below, I caused a copy of the foregoing document, with exhibits, to be served via electronic filing on all counsel of record.

                                                      _s/ Jordan Meyer_____
                                                      Jordan Meyer
                                                      (ID No. 375302021)
Dated: March 27, 2024

3